405 So.2d 202 (1981)
NORTH AMERICAN PHILIPS CORPORATION, INC., Appellant,
v.
Bryan G. BOLES, Appellee.
No. 79-1519.
District Court of Appeal of Florida, Fourth District.
September 30, 1981.
Rehearing Denied November 10, 1981.
L. Louis Mrachek of Gunster, Yoakley, Criser, Stewart & Hersey, Palm Beach, for appellant.
Donald J. Freeman of Beverly & Freeman, West Palm Beach, for appellee.
*203 HURLEY, Judge.
The suit below was an action to enforce a stock option agreement. After a bench trial, the court ruled for the plaintiff, finding that "Boles properly exercised his stock option ... by complying with all conditions precedent ..., or the conditions precedent were waived... ." Appellant/defendant contends that the trial was infected with reversible error when the court overruled appellant's objection and admitted testimony relating to waiver of the conditions precedent, an issue which appellant suggests was not framed by the pleadings. We agree and, consequently, reverse.
Boles filed a two count complaint asking for damages or specific performance of the stock option agreement. The defendant answered and asserted three affirmative defenses, one of which was that Boles had not fulfilled certain conditions precedent. Boles, in turn, filed a pleading styled, "Reply to Affirmative Defenses," which denied the affirmative defenses.
At trial, Boles introduced a letter from his attorney addressed to defendant's predecessor-corporation wherein he sought to exercise the stock option agreement. Unquestionably, the letter does not satisfy all of the conditions precedent required by the agreement, however, Boles took the position that strict compliance had been waived due to certain action by the defendant corporation. Defense counsel objected to this line of testimony on the ground that it was irrelevant to the issues framed by the pleadings. The court overruled the objection and ultimately entered a verdict for the plaintiff.
Rule 1.100(a), Fla.R.Civ.P., provides in pertinent part:
If an answer ... contains an affirmative defense and the opposing party seeks to avoid it, he shall file a reply containing the avoidance. (Emphasis supplied.)
The Supreme Court traced the evolution of Rule 1.100(a), Fla.R.Civ.P., in Moore Meats, Inc. v. Strawn, 313 So.2d 660 (Fla. 1975), and, after an extensive review of a commentary by one of the draftsmen, the court held that matters constituting an avoidance of an affirmative defense "must be set forth in a reply pleading... ." Id. at 661. The rationale for this requirement is that "[t]his is necessary in order to lay a predicate for such proofs so that the parties may prepare accordingly." Id. Indeed, the committee note to the 1972 amendment which added the provision in question to Rule 1.100(a) explains that "[t]he change makes a reply mandatory when a party seeks to avoid an affirmative defense... ." 30 Fla. Stat. Ann. 29 (Supp. 1981). See American Salvage and Jobbing Co., Inc. v. Salomon, 295 So.2d 710 (Fla.3d DCA 1974).
Long ago we abandoned rigid pleading requirements in favor of simplified rules which comport with due process. The case at bar, however, illustrates the fatal danger of not satisfying the rule's minimal requirements. By failing to specially plead avoidance and by only interposing a denial, the plaintiff allowed pre-trial preparation to center on the stock option agreement and those steps which the plaintiff took to seek its enforcement. Yet, with the introduction of the testimony at issue, the focus of the trial suddenly shifted to the conduct of the defendant ... what it had said or done to excuse plaintiff's performance of the conditions precedent. In truth, this was a blind issue which veered into the midst of the trial without warning and without an opportunity to negate. Its prejudice to the defendant is evident since it formed the basis of the court's verdict. Thus, we hold that the admission of this testimony over objection is so antithetical to basic notions of fairness as to constitute reversible error.
Since the foregoing is dispositive of the case, we do not reach the issue of the competency of the plaintiff's testimony regarding a Mrs. Gunderson. Though the court initially sustained defense counsel's objection, it receded from its ruling with the following remarks:
Well, now, we will be here for about two weeks if we don't get down to the point. Your objection is I think technically correct. I don't think it is important. His understanding why he didn't get his option exercised is what the answer obviously *204 will be. I think he is entitled to say what it is.
(Tr.17). It is now clear that the objected-to testimony is crucial to the case and, at retrial, it will be incumbent upon the court to make an initial determination as to its competency.
Accordingly, the cause is reversed and remanded for a new trial.
MOORE and BERANEK, JJ., concur.