STONE, Judge.
We reverse a final judgment for the de-' fendants. The judgment was entered upon an order granting a motion to dismiss at the end of plaintiffs case in a non-jury trial. The dismissal order was based on the trial court’s conclusion that the plaintiff’s reply to the defendants’ affirmative defenses was not sufficient to support the plaintiff’s evidence. The suit is for the balance allegedly owed on a promissory note. The defendants are the plaintiff’s daughter and son-in-law. The defense was payment, accord and satisfaction, and release by the execution of a satisfaction of mortgage executed by the plaintiff in the course of the defendants’ obtaining refi *1081 nancing on the property so that it could be sold.
At trial, the court sustained objections to the plaintiffs attempt to testify concerning the circumstances surrounding her execution of the satisfaction. The court interpreted the plaintiffs reply to the answer as simply a denial of the defenses in the answer and considered it to be technically insufficient as an avoidance. However, we need not determine whether the wording of the reply was sufficient to avoid the defenses as the record reflects an abuse of discretion in the court’s failure to grant plaintiffs request[1] for leave to amend the pleadings.
It is clear from the record that the defense was well aware of the plaintiffs position and that the defendants were not prejudiced by the reply, even if inartfully worded, and would not be prejudiced by a clarifying amendment. In the absence of surprise or prejudice the trial court should have granted leave to amend. Azemco (North America), Inc. v. Brown, 553 So.2d 1245 (Fla. 3d DCA 1989).
Florida Rule of Civil Procedure 1.190(b) provides, in pertinent part:
If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.
Subsection (e) provides:
(e) Amendments Generally. At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
Here, the failure to grant leave to amend was an abuse of discretion.
We note that in North American Philips Corp., Inc. v. Boles, 405 So.2d 202 (Fla. 4th DCA 1981) this court, discussing the need to plead matters in avoidance, emphasized that in that case the plaintiffs pleading failure had allowed pretrial preparation to center on a totally different issue. In this case, however, not only was the pleading more detailed, but pretrial discovery had in fact focused on the issue in question. Additionally, in Boles this court noted that when the plaintiffs issue was introduced, the “focus” of the trial “suddenly shifted” to a “blind issue which veered into the midst of the trial without warning and without an opportunity to negate.” Id. at 203. Here, there were no such factors. Therefore, the judgment is reversed and the cause remanded for further proceedings. On remand, the appellant is to be afforded leave to amend.
WARNER and POLEN, JJ., concur.

. Appellees question whether plaintiffs motion was sufficiently specific. However, a review of the colloquy in the record reflects that the plaintiffs request for relief was clear.