DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BRUCE L. BLUM,**
Appellant,

v.

**DEUTSCHE BANK TRUST COMPANY, AMERICAS AS TRUSTEE,**
Unknown Spouse of Bruce L. Blum, if any, Any and All Unknown Parties
Claiming By, Through, Under, and Against the herein Named Individual
Defendant(s) Who Are Not Know To Be Dead or Alive, Whether Said
Unknown Parties May Claim An Interest As Spouses, Heirs, Devises,
Grantees Or Other Claimants, John Doe and Jane Does, As Unknown
Tenants In Possession,
Appellees.

No. 4D13-4271

[ March 4, 2015 ]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St.
Lucie County; James W. Midelis, Senior, Judge; L.T. Case No.
562008CA005794.

James A. Bonfiglio, Boynton Beach, for appellant.

Manuel S. Hiraldo of Blank Rome LLP, Boca Raton, for Appellee-
Deutsche Bank Trust Company Americas As Trustee.

PER CURIAM.

In this appeal from a final judgment of foreclosure in favor of Deutsche
Bank Trust Company, we reverse the final judgment because Deutsche
Bank failed to prove that it complied with the mortgage and note's
contractual requirement to mail a notice of default to appellant as a
condition precedent to foreclosure. The "breach letter" admitted into
evidence did not meet the requirement in the mortgage to deliver the
default notice to appellant at the "notice address," defined in the mortgage
as "the property address." Paragraph twenty of the mortgage provides in
pertinent part that "[n]either Borrower nor Lender may commence . . . any
judicial action . . . that arises from the other party's actions pursuant to
this Security Instrument or that alleges that the other party has breached
any provision of, or any duty owed by reason of, this Security Instrument,

until such Borrower or Lender has notified the other party . . . of such alleged breach and afforded the other party hereto a reasonable period after the giving such notice to take corrective action." Deutsche Bank's failure to comply with the condition precedent to filing suit requires a dismissal of the case. *See Holt v. Calchas, LLC*, No. 4D13-2101, 2015 WL 340554, at *7 n.4 (Fla. 4th DCA Jan. 28, 2015) (reversing for a dismissal because there was insufficient evidence that notice of default was sent). Because we are reversing and remanding for a dismissal, we need not address appellant's other arguments on appeal.

*Reversed and Remanded.*

GROSS, TAYLOR and LEVINE, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

2