DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THOMAS CARACCIA,**
Appellant,

v.

**U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR BANK OF AMERICA FUNDING CORPORATION MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-2,**
Appellee.

No. 4D15-825

[February 24, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Judge; L.T. Case No. 502011CA014772XXXXMB.

John M. Jorgensen and Derek M. Jorgensen of Scott, Harris, Bryan, Barra & Jorgensen, P.A., Palm Beach Gardens, for appellant.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Celia C. Falzone of Akerman LLP, Jacksonville, for appellee.

FORST, J.

Appellant Thomas Caraccia appeals the final judgment of foreclosure entered in favor of Appellee U.S. Bank. Appellant argues U.S. Bank failed to prove that it had standing to foreclose and failed to comply with the conditions precedent to foreclose. We disagree and affirm the trial court's entry of judgment in favor of U.S. Bank.

**Background**

In 2005, Appellant executed a promissory note and mortgage in favor of Virtual Bank in order to purchase a property in Palm Beach Gardens. Testimony at trial established that Virtual Bank endorsed the note in blank, making it bearer paper, before transferring possession of the note to Bank of America. Bank of America transferred the note to U.S. Bank, as Trustee for a pooling and servicing agreement, in 2007. Shortly before

the filing of the complaint, U.S. Bank gave physical possession of the note back to Bank of America, this time to act as a servicer for U.S. Bank.

Appellant defaulted on his mortgage and a default letter was sent to a PO Box in Palm Beach Gardens. U.S. Bank then filed a foreclosure action against Appellant. Appellant raised several defenses, including lack of standing and failure to comply with paragraph twenty-two of the mortgage, which specifies procedures for notice in the event of a default. After a bench trial, the trial court entered judgment in favor of U.S. Bank. This appeal followed.

## Analysis

A. *Standing*

"We review the sufficiency of the evidence to prove standing to bring a foreclosure action *de novo.*" *Sosa v. U.S. Bank Nat'l Ass'n*, 153 So. 3d 950, 951 (Fla. 4th DCA 2014) (quoting *Lacombe v. Deutsche Bank Nat'l Trust Co.*, 149 So. 3d 152, 153 (Fla. 1st DCA 2014)).

Appellant first argues that U.S. Bank failed to show that it had standing to foreclose. Appellant contends that, because the note was endorsed in blank, U.S. Bank's failure to have physical possession of the note deprived it of standing.

"A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170, 173 (Fla. 4th DCA 2012). "[A] party's standing is determined at the time the lawsuit was filed." *Id.*

A negotiable instrument, such as the promissory note in this case, is enforceable by the holder, a nonholder in possession of the instrument with the rights of a holder, or a person not in possession but entitled to enforce it. § 673.3011, Fla. Stat. (2013). A holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." § 671.201(21)(a), Fla. Stat.

"[W]ith bearer notes, *possession of the note* is the significant core element to be analyzed." *Rodriguez v. Wells Fargo Bank, N.A.*, 178 So. 3d 62, 65 (Fla. 4th DCA 2015) (Conner, J., concurring). In this case, while U.S. Bank did not have physical possession of the note at the time of filing the complaint, it nonetheless maintained a possessory interest in the note.

2

Although Bank of America physically possessed the note as the servicer of the loan, the meaningful interest in the promissory note still remained with U.S. Bank. Even where a third party has physical possession of the note, so long as the plaintiff "had the power to exercise control over it, then [the plaintiff] had constructive possession of the note." *Deakter v. Menendez*, 830 So. 2d 124, 128 (Fla. 3d DCA 2002) (citing *Bush v. Belenke*, 381 So. 2d 315, 316 (Fla. 3d DCA 1980) (defining constructive possession as possession in which a person "has such control over the property that he may deliver the possession of it, if he so desires, as for example, where an agent holds property for his principal")).

This case is distinguishable from *Tremblay v. U.S. Bank, National Ass'n*, 164 So. 3d 85 (Fla. 4th DCA 2015). In *Tremblay*, the foreclosing bank's witness testified that the servicer was the holder of the note. Though the witness testified there was a pooling and servicing agreement between the servicer and the bank, he acknowledged he had not seen it, and it was not admitted into evidence. *Id.* at 86. Based on this testimony, we held that the servicer was the proper party to initiate the foreclosure proceedings. *Id.*

Here, on the other hand, there was no evidence that Bank of America held the note. The witness's testimony and other evidence made it clear that Bank of America merely operated as the servicer of the note for U.S. Bank. This other evidence includes the Pooling and Servicing Agreement for Appellant's loan, which confirmed that any loan documents a servicer may possess are held "for and on behalf of" U.S. Bank and remain U.S. Bank's exclusive property. The holder/servicer relationship between U.S. Bank and Bank of America allowed U.S. Bank to exercise control over the note, even while Bank of America retained physical possession of the document. Had U.S. Bank requested, it could have obtained physical possession of the note from its agent, Bank of America. While it might have simplified the trial court's standing analysis for U.S. Bank to have done so in this case, we hold that such procurement of physical possession was ultimately unnecessary where U.S. Bank is able to show constructive possession of the note. We emphasize that we do not hold that possession is not necessary when bearer paper is at issue; instead we hold only that, when an agency relationship such as that exists here is at issue, the element of possession can be met through either actual or constructive possession.

B. *Conditions Precedent*

Appellant also argues U.S. Bank failed to comply with the conditions precedent found in paragraphs fifteen and twenty-two of the mortgage and

paragraph seven of the note. Paragraph fifteen of the mortgage states, in relevant part, that "The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to the Lender. Borrower shall promptly notify Lender of Borrower's change of address." Similarly, paragraph seven of the note requires "any notice that must be given to me under this Note will be given by . . . mailing it . . . to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address."

Here, the witness testified the United States Postal Service informed U.S. Bank that Appellant did not reside at the property address and provided the Bank with a new address at a PO Box. Consequently, U.S. Bank sent the default notice to this new address, rather than the property address. Six days later, Appellant sent a letter to the Bank, which listed Homeowner's return address as the PO Box to which the earlier acceleration letter had been sent.

"Absent some prejudice, the breach of a condition precedent does not constitute a defense to the enforcement of an otherwise valid contract." *Gorel v. Bank of N.Y. Mellon*, 165 So. 3d 44, 47 (Fla. 5th DCA 2015). In this case, the address used by U.S. Bank for the default letter was a valid address for Appellant. Although Appellant did not personally or directly notify the Bank of this change of address prior to the mailing of the default letter, U.S. Bank reasonably relied on the information from the Postal Service to ensure that Appellant actually received the notice. Had the Postal Service's information proven incorrect, this may have been a different case, but Appellant's later correspondence from this address confirmed the accuracy of the address utilized. The failure of U.S. Bank to send the notice to the property address did not prejudice Appellant, and may have even benefitted him. Accordingly, we decline to reverse the trial court's ruling on this issue.

## Conclusion

In conclusion, Appellant has failed to show that the trial court erred in entering judgment in favor of U.S. Bank. Appellee U.S. Bank was able to prove that it had standing to foreclose as a holder in constructive possession of the note. Additionally, although U.S. Bank sent the default notice to an address other than the one specified in the mortgage contract, this error did not prejudice Appellant and is insufficient to require reversal. The trial court's entry of judgment is affirmed.

*Affirmed.*

4

WARNER and TAYLOR, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***