GERBER, J.
The plaintiff appeals from the trial court’s involuntary dismissal of the plaintiffs foreclosure action. The court dismissed the action because the plaintiff did not mail the default notice to the defendant at the “Property Address” defined in the mortgage. The plaintiff primarily argues that it substantially complied with the mortgage by mailing the default notice to the defendant’s primary address, which was typewritten underneath the defendant’s signature on the mortgage. We agree with the plaintiffs argument. We reverse for the court to determine the action on the merits.
We present this opinion in four parts:
1. the mortgage’s relevant provisions;
2. the trial court proceedings;
3. the parties’ arguments on appeal; and
4. our conclusion and reasoning.
1. The Mortgage’s Relevant Provisions
Paragraph 22 of the mortgage states, in pertinent part: “Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement to this Security Instrument. ...”
Paragraph 15 of the mortgage states, in pertinent part: “The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower’s change of address.”
The mortgage identified the Property Address as the mortgaged property’s Fort Pierce address.
The mortgage contained a Second Home Rider which states, in pertinent part: “Borrower shall occupy, and only use, the Property as Borrower’s second home.”
The mortgage contained a signature block for the Borrower. The signature block stated: “BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.” The defendant signed as the Borrower. Under *1239 neath the defendant’s signature was typed the defendant’s primary address in New York.
2. The Trial Court Proceedings
The plaintiff served its foreclosure complaint by personal service upon the defendant at his 'New York address. When the defendant did not timely respond to the complaint, the plaintiff obtained a clerk’s default against the defendant.
Sometime later, the defendant filed a motion to vacate the clerk’s default, accompanied by an answer and affirmative .defenses. One of the borrower’s defenses alleged that the plaintiff “failed to comply with paragraph 22 of the mortgage by failing to send to Defendant a Notice of Default and Intent to Accelerate the subject note and mortgage.”
The trial court entered an order granting the defendant’s motion to vacate the clerk’s default. The order deemed the defendant’s answer and affirmative defenses as having been filed.
At trial, the plaintiff introduced into evi-dénce, among other documents, a pre-suit default notice. The plaintiffs witness testified that the plaintiff sent the default notice by mail to the defendant’s New York address, and not to the Fort Pierce “Property Address.” The witness also testified that the plaintiff had not received from the defendant any notice designating his New York address as a substitute notice address.
After the close of the evidence, the defendant moved for an involuntary dismissal. The defendant argued that the plaintiff failed to comply with paragraph 22 of the mortgage because the plaintiff, failed to mail the default notice to the Fort Pierce “Property Address.”
The trial court requested the parties to brief the notice issue. The court indicated that after reviewing the briefs, it would either enter a final judgment in the plainT tiffs favor or an involuntary dismissal in the defendant’s favor. Neither party objected to those possible dispositions.
■ After receiving the parties’ post-trial briefs, the trial court entered an involuntary dismissál in the defendant’s favor. The court reasoned: “[T]he Plaintiff did not meet the requirements of the mortgage to deliver the default notice to [the defendant] at the ‘notice address’, defined in the mortgage as ‘the property address.’ ” The court further stated that it entered the involuntary dismissal ■ based upon Blum v. Deutsche Bank Trust Co., 159 So.3d 920 (Fla. 4th DCA 2015), which we discuss further below.
■ This appeal followed. Our review is de novo. See Wells Fargo Bank, N.A. v. Balkissoon, 183 So.3d 1272, 1275 (Fla. 4th DCA 2016) . (“The standard of. review for a motion, for involuntary dismissal is de novo. An involuntary dismissal is j proper only when the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case on the non-moving party’s claim.”) (internal and external citations and quotation marks omitted).
3. The Parties’ Arguments on Appeal
The plaintiff primarily argues that it substantially complied with the mortgage by delivering the default notice to the defendant’s New York address, which was typed underneath the defendant’s signature on the mortgage. According to the plaintiff, “the mortgage instrument clearly disclosed that the mortgaged property was a second home ... and the placing of defendant’s New York address on the instrument was undeniably placed there for a sound reason.... It simply was not necessary for defendant ... to provide Plaintiff with another written notice as to his New York address because that informa *1240 tion was already disclosed on the mortgage instrument.” ■ ■
The defendant argues that the trial court did not err by entering the involuntary dismissal. According to the defendant, a mortgage requires strict compliance, and here, the plaintiffs mailing of the default notice to the defendant’s New York address did not comply with the mortgage’s requirement to send any notices to the Fort Pierce "Property Address.”
4. Our Conclusion and Reasoning
We agree with the plaintiffs argument. Contrary to the defendant’s argument, we have held that “substantial compliance with conditions precedent is all that is required in the foreclosure context.” Ortiz v. PNC Bank, Nat’l Ass’n, 188 So.3d 923, 925 (Fla. 4th DCA 2016) (emphasis added). We further have held that “[alb-sent some prejudice, the breach of a condition precedent does not constitute a defense to the enforcement of an .otherwise valid contract.” Caraccia v. U.S. Bank, Nat’l Ass’n, 185 So.3d 1277, 1280. (Fla. 4th DCA 2016) (citation omitted).
The case upon which the trial court relied, Blum v. Deutsche Bank Trust Co., 159 So.3d 920 (Fla. 4th DCA 2015), is distinguishable. In Blum, we reversed and remanded for entry of dismissal where “[t]he ‘breach letter’ admitted into evidence did not meet the requirement in the mortgage to deliver the default notice to appellant at the ‘notice address,’ defined in the mortgage as ‘the property address.’” Id. at 920-21. However, the record in Blum reflected that the plaintiff sent the default notice to a post office box not listed in the mortgage, and no evidence existed to indicate that the defendant had provided the post office box information to the plaintiff.
Our Caraccia decision, of which the trial court did not have the benefit at the time of its order, is more instructive. In Carac-cia, the United States Postal Service informed the plaintiff that the defendant no longer resided at the property address. 185 So.3d at 1280. The Postal Service provided the plaintiff with a new post office box address for the defendant. Id. Therefore, the plaintiff sent the default notice to the - new post office box address instead of the property address. Id. A few days later, the defendant sent the plaintiff a letter which listed the defendant’s return address as the post office box to which the plaintiff sent the default notice. Id. At trial, the defendant argued that the plaintiff failed to comply with the condition precedent of mailing the default notice to the property address. Id. at 1279-80. The trial court rejected the defendant’s argument and entered a final judgment of foreclosure in the plaintiffs favor. Id. at 1278.
We affirmed the final judgment of foreclosure, reasoning:
[T]he address used by [the plaintiff] for the default letter was a valid address for [the defendant]. Although [the defendant] did not personally or directly notify the [plaintiff] of this change of address prior to the mailing of the default letter, [the plaintiff] reasonably relied on the information from the Postal Service to ensure that [the defendant] actually received the notice. Had the Postal Service’s information proven incorrect, this may have been a different case, but [the defendant’s] later correspondence from this address confirmed the accuracy of the address utilized. The failure of [the plaintiff] to send the notice to the property address did not prejudice [the defendant], and may have even benefit-ted him. Accordingly, we decline to reverse the trial court’s ruling oh this issue.
Caraccia, 185 So.3d at 1280.
Similarly here, the address which the plaintiff used for the default notice was a *1241 valid address for the defendant. Although the defendant did not designate his primary address in -New York as a substitute notice address before the plaintiff mailed the default notice, the plaintiff reasonably relied on that address — typed underneath the defendant’s signature on the mortgage — to ensure that he actually received the notice. The plaintiffs personal service of the complaint at the defendant’s New York address confirmed that address’s accuracy. The plaintiffs failure to send the notice to the Fort Pierce “Property Address” did not prejudice the defendant, and may have even benefitted him. While the plaintiff would have avoided the necessity of this appeal if it simply had sent the default notice to both the Fort Pierce “Property Address” and the New York address, it appeals the plaintiff substantially complied with the condition precedent to foreclosure by sending the default notice to the defendant’s primary New York address, given the facts stated above. Accordingly, we reverse the trial court’s ruling on this issue.
Based on the foregoing, the plaintiffs other arguments on appeal are moot. We remand for the trial court to enter a final judgment of foreclosure in the plaintiffs favor.

Reversed and remanded with instructions.

WARNER and TAYLOR, JJ., concur.