LIBERTY HOME EQUITY SOLU-
TIONS, INC., formerly known as Gen-
worth Financial Home Equity Access,
Inc., Appellant,

v.

Patsy RAULSTON a/k/a Patsy I. Raul-
ston, Unknown Spouse of Patsy Raul-
ston a/k/a Patsy I. Raulston, United
States of America on Behalf of the
Secretary of Housing and Urban De-
velopment, unknown Tenant #1, any
and all unknown parties claiming by,
through, under and against the named
individual Defendant(s) who are not
known to be Dead or Alive, whether
unknown parties may claim an Inter-
est as Spouses, Heirs, Devisees, Grant-
ees, or other Claimants, Appellees.

No. 4D15–3652

District Court of Appeal of Florida,
Fourth District.

[December 7, 2016]

Jason F. Joseph of Gladstone Law Group, P.A., Boca Raton, for appellant.

Robert P. Summers and Jessica M. VanValkenburgh of McCarthy, Summers, Bobko, Wood, Norman, Bass & Melby, P.A., Stuart, for Appellee Patsy Raulston.

PER CURIAM.

Liberty Home Equity Solutions, Inc. ("Liberty") appeals from an order granting Appellee Patsy Raulston's motion for involuntary dismissal and entering final judgment in this foreclosure case. Liberty argues that the trial court reversibly erred in granting the motion for involuntary dismissal because it presented all the evidence required to establish a prima facie case for foreclosure, and the trial court impermissibly weighed Liberty's evidence in ruling on the motion. We agree and reverse.

In March 2009, appellee entered into a home equity conversion loan agreement with Liberty. Liberty agreed to advance appellee up to $286,500 in exchange for repayment of all advances with interest. Appellee executed a note and a mortgage to memorialize and secure the loan.

Appellee defaulted under the terms of the note and mortgage by failing to pay the property taxes and hazard insurance premiums. The loan servicer sent appellee a letter informing her of the breach and the action required to cure the default. When appellee failed to cure the default, Liberty emailed a written request to the United States Department of Housing and Urban Development ("HUD") for approval to commence a foreclosure action, pursuant to Paragraph 9 of the mortgage agreement.

Deval, LLC, HUD's loan servicer, responded by letter dated July 30, 2012. The letter was a form letter with a check in the "Request APPROVED" box. However, there was additional language in the letter that stated the following: "Your request has been reviewed and is currently in a 'pending' status. The request cannot be approved at this time due to the following reason(s): 1) Failure to provide appropriate backup documentation to support your request. The following documentation was not provided." Notably, there was no selection from the list of potential documents that allegedly had not been provided. Liberty later sent a repayment notice to appellee advising her that the loan was due and payable as a result of the default and that she was required to cure the default.

In January 2014, Liberty filed a one-count foreclosure complaint, alleging that appellee had defaulted under the terms of the mortgage, the Secretary of HUD approved the acceleration of the loan, the amount due was $140,102.53, and all conditions precedent had been satisfied, waived, or excused. Appellee answered, raising as one of her defenses that Liberty failed to fulfill conditions precedent by failing to obtain the approval of the Secretary of HUD to foreclose. The case proceeded to a non-jury trial.

At trial, a witness testified on behalf of Liberty and laid the foundation for admission of the note, allonge, mortgage, power of attorney, breach letters, HUD request and approval letters, and the loan balance. After Liberty concluded its case-in-chief, appellee moved for an involuntary dismissal. The trial court granted the motion and dismissed the case with prejudice. The court found that: (1) the amount owed should have been rolled into the line of credit per the loan agreement and HUD rules; (2) Liberty failed to comply with HUD rules of approval to foreclose; (3) Liberty failed to meet the requirements of 24 C.F.R. § 206.205 (2014); (4) the default was at most a technical default; and (5) equity authorized the court to dismiss the case because the borrower had a right to comply and rely on her loan documentation.

■ On appeal, Liberty argues that the trial court erred in granting appellee's motion for involuntary dismissal where it admitted into evidence all the evidence required to establish a prima facie case for foreclosure. Specifically, Liberty argues that it admitted into evidence the note and mortgage, evidence of appellee's default and the outstanding debt on the note, an acceleration letter, and a HUD approval letter to institute a foreclosure action.

Appellee counters that Liberty failed to establish a prima facie case for foreclosure because Liberty did not satisfy all the conditions precedent to suit, particularly the requirement that it obtain HUD approval before commencing a foreclosure action.

■ "A motion for involuntary dismissal under Florida Rule of Civil Procedure 1.420(b) in a non-jury trial can be equated to a motion for directed verdict in a jury trial." *Deutsche Bank Nat'l Tr. Co. v. Huber*, 137 So.3d 562, 563 (Fla. 4th DCA 2014) (citing *Deutsche Bank Nat'l Trust Co. v. Clarke*, 87 So.3d 58, 60 n.1 (Fla. 4th DCA 2012)).

■ The applicable standard of review for a motion for involuntary dismissal is de novo. *Id.* When reviewing the grant of such a motion, the appellate court must view the evidence and all inferences of fact in the light most favorable to the nonmoving party. *Id.* Thus, the appellate court can affirm the directed verdict only where no valid view of the evidence could support a verdict for the nonmoving party. *Id.* at 563–64.

■ To establish a prima facie case, a foreclosure plaintiff must prove: (1) an agreement between the parties; (2) a default by the defendant; (3) acceleration of the debt to maturity; and (4) the amount due. *Ernest v. Carter*, 368 So.2d 428, 429 (Fla. 2d DCA 1979). In other words, the plaintiff must introduce the subject note and mortgage, an acceleration letter, and some evidence regarding the outstanding debt. *Kelsey v. SunTrust Mortg., Inc.*, 131 So.3d 825, 826 (Fla. 3d DCA 2014). Where there are conditions precedent to filing the suit, plaintiff must also prove that it has complied with them. *Blum v. Deutsche Bank Tr. Co.*, 159 So.3d 920, 920 (Fla. 4th DCA 2015). In *Blum*, we held that the failure to comply with a condition prece-

dent to filing an action requires a dismissal of the action. *Id.*

In the foreclosure context, a plaintiff need only substantially comply with conditions precedent. *Fed. Nat'l Mortg. Ass'n v. Hawthorne*, 197 So.3d 1237, 1240 (Fla. 4th DCA 2016). Moreover, a breach of a condition precedent does not preclude the enforcement of an otherwise valid contract, absent some prejudice. *Caraccia v. U.S. Bank Nat'l Ass'n*, 185 So.3d 1277, 1280 (Fla. 4th DCA 2016).

Here, Liberty established a prima facie case by submitting proof of the note and mortgage, the defendant's default, the acceleration letter, and the outstanding debt on the note. To satisfy the condition precedent of obtaining HUD approval, Liberty admitted a HUD letter that purportedly approved accelerating the debt and bringing a foreclosure action. The letter from HUD's servicer was a check-in-the-box form which required the servicer to check the box corresponding to its response to Liberty's request. The letter showed, and Liberty's witness testified, that the only box checked was the "Request APPROVED" box. Although other form language in the letter created some ambiguity regarding HUD's approval for foreclosure, a reasonable conclusion is that HUD's servicer approved Liberty's request to call the loan due and bring the foreclosure action because the "Request APPROVED" box was the only box checked. When this evidence is considered in the light most favorable to Liberty (the nonmoving party) and every reasonable conclusion or inference is drawn from this evidence, it is reasonable to infer and conclude that HUD's servicer approved Liberty's request to bring the foreclosure action.

Moreover, even assuming a conflict as to whether the letter granted approval or the approval was pending, the conflict should have been resolved in favor of Liberty and the motion for involuntary dismissal denied. *See Boca Golf View, Ltd. v. Hughes Hall, Inc.*, 843 So.2d 993 (Fla. 4th DCA 2003) (holding that in ruling on a motion for involuntary dismissal in a non-jury trial, the trial court was required to view the evidence in the light most favorable to the plaintiff, resolving every conflict and inference in its favor). Accordingly, we reverse the order granting appellee's motion for involuntary dismissal and entering final judgment in favor of appellee.

Liberty also argues that the trial court erred in finding that appellee's failure to pay property taxes and hazard insurance premiums was not a material breach that justified foreclosure, and that Liberty was required to roll up the amount due in a credit line.

Paragraph 2 of the Mortgage provides as follows:

**Payment of Property Charges.** *Borrower shall pay* all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, *unless* Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

(emphasis added).

Here, appellee was required under the terms of the mortgage agreement to make tax and insurance premium payments. Appellee's obligation to pay these charges was excused only if Liberty withheld the funds from the monthly payments due to appellee or charged the payments to a line of credit. And although, as the trial court found, Liberty could have rolled up the amount due into a credit line to cure the default, it was not obligated to do so by the

terms of the agreement. Further, Liberty's witness testified that appellee had exceeded her credit line, such that the taxes and insurance premiums could not be charged to the credit line. We thus agree with Liberty that the trial court erred in finding that appellee's failure to pay property taxes and hazard insurance was not a material breach justifying foreclosure.

For the foregoing reasons, we reverse the final judgment in favor of appellee and remand for further proceedings consistent with this opinion.

*Reversed and Remanded.*

Taylor, Forst and Klingensmith, JJ., concur.