# Third District Court of Appeal

## State of Florida

Opinion filed January 25, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1522
Lower Tribunal No. 13-818-K
_____


**PNC Bank, N.A., etc.,**
Appellant,

vs.

**Jessica Clark, et al.,**
Appellees.


An Appeal from the Circuit Court for Monroe County, Donald C. Evans, Senior Circuit Court Judge.

McGlinchey Stafford, and N. Mark New, II, and William L. Grimsley (Jacksonville); Shutts & Bowen LLP, and Patrick G. Brugger, for appellant.

Kevin Michael Hoyes (Key West), for appellee Jessica Clark.


Before WELLS, SALTER, and LOGUE, JJ.

LOGUE, J.

In this foreclosure action, after a non-jury trial, the trial court dismissed the case for lack of standing. This was error. See, e.g., Clay Cty. Land Tr. v. JPMorgan Chase Bank, Nat'l Ass'n, 152 So. 3d 83, 85 (Fla. 1st DCA 2014) ("When appellee filed the foreclosure complaint, it attached a copy of the note and an undated allonge to the note containing an endorsement in blank. This was sufficient to establish as a matter of law that appellee had standing to bring the foreclosure action.").

Furthermore, the undisputed evidence indicated that (1) the borrower failed to pay the 2011 ad valorem taxes on the property as the note required; (2) the Monroe County Tax Collector issued a tax certificate to a third party as a result of the unpaid taxes; (3) the bank paid off the tax certificate and paid subsequent years' taxes; and (4) as of the date of the filing of the foreclosure action, the borrower still had not paid the bank the taxes and other costs the bank had advanced or incurred in an amount no less than $4508.50, as admitted by the borrower's attorney at oral argument. In these circumstances, the bank established a breach and the trial court should have entered a foreclosure judgment. See, e.g., Liberty Home Equity Sols., Inc. v. Raulston, No. 4D15-3652, 2016 WL 7118841, at *3 (Fla. 4th DCA Dec. 7, 2016) ("[T]he trial court erred in finding that appellee's failure to pay property taxes and hazard insurance was not a material breach justifying foreclosure.").

The parties hotly disputed the amounts owed and the record reflects conflicting evidence on this point. We remand for the trial court to make factual findings consistent with this opinion and to enter a final judgment of foreclosure.

Reversed and remanded.