NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RUBY L. BROOKER,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellant,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 2D16-494
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
OCWEN LOAN SERVICING, LLC,⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀Appellee.⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

Opinion filed August 9, 2017.

Appeal from the Circuit Court for
Hillsborough County; Raul C. Palomino,
Jr., Senior Judge.

Kendrick Almaguer and Cindy
Cumberbatch of The Ticktin Law Group,
P.A., Deerfield Beach, for Appellant.

James H. Wyman of Hinshaw &
Culbertson LLP, Coral Gables, for
Appellee.


SLEET, Judge.

⠀⠀⠀⠀⠀⠀Ruby L. Brooker appeals the final judgment of foreclosure entered against

her and in favor of Ocwen Loan Servicing, LLC. We reverse because Ocwen failed to

prove that it complied with paragraph twenty-two of the mortgage and the note's

contractual requirement to mail a notice of default to Brooker as a condition precedent

to foreclosure. The breach letter was not admitted into evidence, and without record proof that Ocwen complied with the condition precedent, we must reverse and remand for dismissal of Ocwen's foreclosure action. See Blum v. Deutsche Bank Trust Co., 159 So. 3d 920, 920-21 (Fla. 4th DCA 2015).

Reversed and remanded.

LUCAS, J., and JOSEPH G. FOSTER, ASSOCIATE JUDGE, Concur.