DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITIGROUP MORTGAGE LOAN TRUST INC.,**
Appellant,

v.

**JACK SCIALABBA** and **SHARON SCIALABBA,**
Appellees.

No. 4D17-401

[March 7, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No. 50-2015-CA-002164-XXXX-MB.

Nancy M. Wallace of Akerman LLP, Tallahassee, William P. Heller of Akerman LLP, Fort Lauderdale, and Eric M. Levine of Akerman LLP, West Palm Beach, for appellant.

Chase E. Jenkins and Matthew D. Bavaro of Loan Lawyers, LLC, Fort Lauderdale, for appellees.

CONNER, J.

Citigroup Mortgage Loan Trust Inc. ("the Bank") appeals the final judgment entered in favor of Jack Scialabba and Sharon Scialabba ("the Borrowers") subsequent to a motion for involuntary dismissal granted at trial after the Bank finished its case in chief. We view the overarching issue in this case to be whether the required notice, as a condition precedent to foreclosure, was mailed to a correct address. We determine that the Bank presented *prima facie* evidence of substantial compliance with the condition precedent, reverse the involuntary dismissal and final judgment, and remand for a new trial.

*Background*

The Borrowers executed a promissory note and mortgage. The mortgage stated the "Property Address" as "9486 South Military Trail **#15**" (emphasis added). The parties subsequently entered into a loan modification agreement ("the modification agreement"), which stated a

different "Property Address": "9486 S MILITARY TRL **4**, BOYNTON BEACH, FL 33436." (emphasis added)

After the Borrowers defaulted in payment, the Bank mailed to the Borrowers a notice of default, the right to accelerate, and the right to cure ("notice of default") to the "Property Address" stated in the modification agreement. Subsequently, the Bank brought a foreclosure action, generally alleging compliance with all conditions precedent. Attached to the complaint was a copy of the note, mortgage, and modification agreement. The Borrowers answered, specifically denying compliance with the conditions precedent regarding notice of default and additionally raising the notice noncompliance as an affirmative defense. In response to request for admissions, the Borrowers admitted they have received mail addressed to 9486 South Military Trail stating either "#15" or "Unit 4" as part of the address. The Borrowers further admitted that at the time of their responses, "Defendants currently resides [sic] at 9486 South Military Trail Unit 4."

At trial, the Bank presented one witness. During her testimony, the Bank introduced into evidence the subject notice letter and a letter log indicating dates on which the Bank mailed letters to the Borrowers. The witness confirmed the notice of default was mailed to the "Property Address" stated in the modification agreement. Additionally, the trial court admitted into evidence a certified copy of the entire complaint, including the attached copy of the modification agreement. The witness verified that the Borrowers did not cure the default.

After the Bank rested, the Borrowers moved for involuntary dismissal asserting that the Bank failed to prove it satisfied the condition precedent of proper notice. The Borrowers argued that the address on the mortgage was listed as Unit 15, but the notice letter was improperly mailed to Unit 4. The Bank responded that the notice was sent to the proper address designated in the modification agreement. The Bank further responded that, even if the notice was mailed to an incorrect address (which it did not concede), "any deviation from the paragraph 22 language must be material in nature, meaning that it must have prejudiced the [Borrowers] in some way," which was not the case. The Bank also argued that the modification agreement listed the "Property Address" as Unit 4, and the express terms of the modification agreement superseded the original mortgage contract. The trial court found that "notice [wa]s a problem" and granted the motion for involuntary dismissal. After a final judgment was entered, the Bank gave notice of appeal.

*Analysis*

2

A trial court's ruling on a motion for involuntary dismissal is reviewed *de novo.  Deutsche Bank Nat'l Tr. Co. v. Clarke*, 87 So. 3d 58, 60 (Fla. 4th DCA 2012) (citing *Brundage v. Bank of Am.*, 996 So. 2d 877, 881 (Fla. 4th DCA 2008)).  Additionally, the appellate court "must view the evidence and all inferences of fact in the light most favorable to the nonmoving party, and can affirm . . . only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party."  *Id.* (citing *Brundage*, 996 So. 2d at 881).

Giving a notice of default is a condition precedent to foreclosure in most residential mortgages.  "Where there are conditions precedent to filing the suit, [a] plaintiff must also prove that it has complied with them."  *Liberty Home Equity Sols., Inc. v. Raulston*, 206 So. 3d 58, 60 (Fla. 4th DCA 2016) (citing *Blum v. Deutsche Bank Tr. Co.*, 159 So. 3d 920, 920 (Fla. 4th DCA 2015)).  However, "a plaintiff need only substantially comply with conditions precedent."  *Id.* at 61 (citing *Fed. Nat'l Mortg. Ass'n v. Hawthorne*, 197 So. 3d 1237, 1240 (Fla. 4th DCA 2016)).  "Substantial compliance or performance is 'performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee' the benefit of the bargain."  *Lopez v. JPMorgan Chase Bank*, 187 So. 3d 343, 345 (Fla. 4th DCA 2016) (quoting *Ocean Ridge Dev. Corp. v. Quality Plastering, Inc.*, 247 So. 2d 72, 75 (Fla. 4th DCA 1971)).  "Moreover, a breach of a condition precedent does not preclude the enforcement of an otherwise valid contract, absent some prejudice."  *Raulston*, 206 So. 3d at 61 (citing *Caraccia v. U.S. Bank, Nat'l Ass'n*, 185 So. 3d 1277, 1280 (Fla. 4th DCA 2016)).

Although the trial court did not explain its reasoning for granting an involuntary dismissal other than saying "I think the notice is a problem," it appears the trial court agreed with the Borrowers' argument that the evidence showed that the notice required by paragraph 22 of the mortgage was sent to the wrong address.

Thus, we view the overarching issue to be decided by this appeal as whether the Bank substantially complied with the condition precedent of mailing the required notice to the Borrowers' correct address.  In doing so, we first address two evidentiary issues regarding the modification agreement.  The Borrowers contend: (1) the modification agreement was not admitted into evidence at trial, and (2) the trial court viewed the modification agreement as inadmissible hearsay evidence.

The record reflects that a copy of the recorded modification agreement was attached to the complaint.  During the trial, the complaint as a trial exhibit first came up while the Bank's witness testified about possession

of the note. When the Bank asked the trial court to admit a certified copy of the complaint with all attachments into evidence, the Borrower raised a hearsay objection. In response, the Bank stated that its purpose for using the complaint was to establish that the Bank had possession of the note at the time the complaint was filed, as verified in the certificate of possession attached to the complaint as Exhibit D. In ruling on the objection, the trial court stated, "I'll receive [the complaint] subject to your objection for whatever evidentiary purpose it may serve. We'll see where that goes." Shortly thereafter, the trial court said, "I'm going to take the entire Complaint. As you well know, I'm taking it for what it is worth. Most of it is hearsay if not all of the Complaint."

Later, during the argument on the motion for involuntary dismissal, the Borrowers contended that the modification agreement was not in evidence. The Bank specifically argued that the modification agreement was an attachment to the complaint which was admitted into evidence in its entirety. In counter-response, the Borrowers argued the modification agreement was hearsay on the issue of whether the Borrowers gave notice that they wanted notices sent to an address other than the "Property Address" listed in the original mortgage. Significantly, the trial court never ruled that it did not consider the modification agreement to be in evidence or that it was inadmissible hearsay as to whether the Borrowers gave notice of a change of address.

From the record on appeal, we conclude the modification agreement was admitted into evidence.[1] If the trial court concluded the "problem" with notice in this case was that the modification agreement was an inadmissible hearsay document, then the trial court erred. The modification agreement, like the note and original mortgage, was a verbal act. *See Holt v. Calchas, LLC,* 155 So. 3d 499, 502 n.2 (Fla. 4th DCA 2015) (concluding that an assignment of mortgage is admissible into evidence as a verbal act); *see also Deutsche Bank Nat'l Tr. Co. v. Alaqua Prop.,* 190 So. 3d 662, 665 (Fla. 5th DCA 2016) (holding that a promissory note "is admissible for its independent legal significance" of establishing a contractual relationship between parties, regardless of the truth of assertions in the document).

Turning to the arguments regarding compliance with the condition precedent of notice of default and of the right to cure, as stated above, the

---

[1] We do not address the issue of whether a copy of the modification agreement attached to a certified copy of the complaint met the requirements of Section 90.953, Florida Statutes (2017) (Admissibility of Duplicates). The issue was partially raised in the trial court, but not adequately addressed in the briefs.

original mortgage stated that the "Property Address" is "9486 South Military Trail #**15**." (emphasis added). Paragraph 22 of the mortgage contained the common language in residential mortgages requiring notice of default and the right to cure. Paragraph 15 likewise contained the common language that "[t]he notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender." However, for unexplained reasons, the modification agreement stated the "Property Address" was "9486 S Military Trl **4**," (emphasis added). Significantly, Paragraph 3 of the modification agreement, entitled "The Modification," listed the various provisions of the original mortgage to be modified, but did not mention the "Property Address". Paragraph 4(D) of the modification agreement provided that the "Loan Documents" are "reaffirmed," and Paragraph 4(E) provided that "all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect."

The Bank makes two arguments on appeal regarding the address where the required notice was sent: (1) the modification agreement modified the "Property Address," and (2) the address for the property stated in the modification agreement constituted a notice of change of address requested by the Borrowers.

The Borrowers do not squarely address either argument, opting instead to focus on the propriety of the modification agreement as an exhibit. However, if the trial court determined the "problem" with the notice was that the modification agreement was not sufficient evidence of a change in the "Property Address" or a notice of change of address by the Borrowers and dismissed for either reason, we agree with the Bank's argument that involuntary dismissal at the conclusion of the plaintiff's evidence was improper because at that point the trial court was not permitted to weigh the evidence. *See DFRP Note Purchase Partners I, LP v. Bruno*, 196 So. 3d 576, 577 (Fla. 4th DCA 2016) ("On a motion for involuntary dismissal, the trial court may not weigh the evidence, but must view it 'in the light most favorable to [the nonmoving party].'" (quoting *Miller v. Nifakos*, 655 So. 2d 192, 193 (Fla. 4th DCA 1995)); *Perez v. Perez*, 973 So. 2d 1227, 1231 (Fla. 4th DCA 2008) ("An involuntary dismissal is properly entered only where the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case. The trial court may not weigh and judge the credibility of the evidence." (citations omitted)); *see also McCabe v. Hanley*, 886 So. 2d 1053, 1056 (Fla. 4th DCA 2004) ("[A] trial court cannot weigh evidence in ruling on a motion for involuntary dismissal at the close of the plaintiff's case but just deny the motion when a *prima facie* case is made").

Additionally, two recent decisions from this Court lead us to the conclusion that the trial court erred in granting an involuntary dismissal in this case, even though the cases are somewhat factually different.

In *Federal National Mortgage Ass'n v. Hawthorne,* 197 So. 3d 1237 (Fla. 4th DCA 2016), we held that the lender "substantially complied with the mortgage by mailing the default notice to the [borrower's] primary address, which was typewritten underneath the [borrower's] signature on the mortgage." *Id.* at 1238. In *Hawthorne,* the mortgage listed the "property address" as an address in Fort Pierce, Florida. *Id.* However, under the borrower's signature, the mortgage listed the borrower's primary address in New York. *Id.* at 1238–39.

At trial, the lender's witness testified that the lender mailed the notice of default to the borrower's New York address, not to the property address. *Id.* at 1239. There was no evidence that the borrower designated the New York address as his substitute notice address. *Id.* The trial court granted the borrower's motion for involuntary dismissal, reasoning that the lender did not comply with the mortgage's requirement to mail the notice of default to the notice address, which the mortgage defined as the property address. *Id.*

On appeal, the lender asserted that it substantially complied with the mortgage by mailing notice to the borrower's New York address because the mortgage provided that the mortgaged property was a second home, and the primary New York address "was already disclosed on the mortgage instrument." *Id.* at 1239–40. The borrower asserted that the mortgage required strict compliance and the lender therefore failed to comply with the requirement to send notice to the property address. *Id.* at 1240.

We agreed with the lender, reversed, and held that substantial compliance is sufficient, unless there exists some prejudice. *Id.* We reasoned that the address the lender used was a valid address for the borrower; the lender reasonably relied on the address typed under the borrower's signature to ensure that the borrower received notice; the borrower was personally served with the complaint at his New York address, which "confirmed that address's accuracy"; and the lender's failure to mail notice to the property address did not prejudice the borrower. *Id.* at 1240–41.

Similarly, in *Caraccia,* we agreed with the bank that it substantially complied with the notice requirement. 185 So. 3d at 1278. There, the United States Postal Service informed the bank that the borrower "did not reside at the property address and provided the Bank with a new address

6

at a PO Box." *Id.* at 1280. The bank then sent the notice of default to the PO Box address, rather than to the property address. *Id.* The borrower later sent the bank a letter that listed the borrower's return address as the same PO Box to which the notice letter had previously been sent. *Id.* We affirmed the judgment of foreclosure, reasoning that

> [a]lthough [the borrower] did not personally or directly notify the Bank of this change of address prior to the mailing of the default letter, U.S. Bank reasonably relied on the information from the Postal Service to ensure that [the borrower] actually received the notice. Had the Postal Service's information proven incorrect, this may have been a different case, but [the borrower]'s later correspondence from this address confirmed the accuracy of the address utilized. The failure of U.S. Bank to send the notice to the property address did not prejudice [the borrower], and may have even benefitted him.

*Id.*

In the instant case, the Bank sent the required notice to the address listed in the modification agreement. We are satisfied that the Bank "reasonably relied on that address . . . to ensure that [the Borrowers] actually received the notice." *See Hawthorne,* 197 So. 3d at 1241; *see also Caraccia,* 185 So. 3d at 1280 (same). Although there is no independent evidence in the record that the Borrowers "personally or directly" notified the Bank of a change of notice address, *see Caraccia,* 185 So. 3d at 1280, the modification agreement provided a different "Property Address" which was sufficient to constitute substantial compliance with the notice requirements.

Even if we concluded that the required notice was mailed to an incorrect address, the Bank correctly points out that the defective notice did not prejudice the Borrowers, as they did not attempt to cure the default. *See Ortiz v. PNC Bank, Nat'l Ass'n,* 188 So. 3d 923, 927 (Fla. 4th DCA 2016) ("We also note that there is no evidence here that [the borrower] was prejudiced by the language variation in the default letter."); *Gorel v. Bank of N.Y. Mellon,* 165 So. 3d 44, 47 (Fla. 5th DCA 2015) ("We agree with Bank that the defective notice did not prejudice [the borrower], as he made no attempt to cure the default."). Thus, we are satisfied the Bank substantially complied with Paragraphs 15 and 22 of the mortgage such that its performance, "'while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee' the benefit of the bargain." *Lopez,* 187 So. 3d at 345 (quoting *Ocean Ridge Dev. Corp.,* 247 So. 2d at 75).

Finally, we address the Borrowers' argument that lack of prejudice, in relation to failure to comply with a condition precedent, is an avoidance that was not pled by the Bank. In support of the argument, the Borrowers cite Florida Rule of Civil Procedure 1.100(a) and *North American Philips Corp. v. Boles*, 405 So. 2d 202 (Fla. 4th DCA 1981).

Florida Rule of Civil Procedure 1.100(a) provides, in part, that "[i]f an answer . . . contains an affirmative defense and the opposing party seeks to avoid it, the opposing party must file a reply containing the avoidance." The Borrowers argue that lack of prejudice is a matter of avoidance which the Bank failed to assert in a reply to their affirmative defense of failure to comply with a condition precedent. However, two other rule provisions must be considered.

Florida Rule of Civil Procedure 1.110(d) provides a list of affirmative defenses that must be pleaded. The Bank argues that failure to comply with condition precedent is not listed as an affirmative defense, therefore no reply was required. As additional support, the Bank cites to Florida Rule of Civil Procedure 1.120(c), which specifically addresses pleading conditions precedent. Rule 1.120(c) provides, in part, that "[a] denial of performance or occurrence shall be made specifically and with particularity." The Bank contends that because a denial of performance or occurrence of a condition precedent is covered in rule 1.120(c) and is not listed in rule 1.110(d), no plea in avoidance was required. However, the Bank ignores the language of rule 1.110(d) which states, in part, that "[i]n pleading to a preceding pleading a party shall set forth affirmatively . . . *any other matter constituting an avoidance* . . . ." (emphasis added). As we see it, lack of prejudice is an avoidance which should be pleaded. The legal issue of lack of prejudice was specifically asserted in the context that a failure to substantially comply with a condition precedent is not fatal. In other words, similar to an affirmative defense, the legal position asserts that even if proper notice of default is not given, foreclosure should be permitted to proceed. However, for the same reason we determine *Boles* does not control the outcome of this case, the Bank's failure to plead an avoidance does not defeat its arguments on appeal.

We view *Boles* as inapposite to this case. In *Boles*, the plaintiff filed a complaint, and the defendant's answer asserted an affirmative defense that the plaintiff had failed to fulfill certain conditions precedent. 405 So. 2d at 203. The plaintiff filed a reply that denied the affirmative defenses. *Id.* At trial, the plaintiff argued that strict compliance with the conditions precedent was waived, based on conduct by the defendant. *Id.* The defendant objected to the waiver evidence on the grounds that it was irrelevant to the issues framed by the pleadings. *Id.* The trial court

overruled the objection and ultimately entered a verdict for the plaintiff. *Id.*

We reversed and held that the plaintiff was required to plead an avoidance because he introduced testimony that shifted the focus of the trial "to the conduct of the defendant . . . what it had said or done to excuse plaintiff's performance of the conditions precedent." *Id.* (alteration in original). We reasoned that the trial court's focus on the defendant's conduct "was a blind issue which veered into the midst of the trial without warning and without an opportunity to negate." *Id.*

In the instant case it cannot be said that the evidence and argument of lack of prejudice "was a blind issue which veered into the midst of the trial without warning and without an opportunity to negate" because the Borrowers never objected to the evidence or argument, as the defendant did in *Boles*, on grounds that the issue was not framed in the pleadings. In our view, the issue was tried by consent. Fla. R. Civ. P. 1.190(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *see Federal Home Loan Mortg. Corp. v. Beekman*, 174 So. 3d 472, 475 (Fla. 4th DCA 2015) ("An issue is tried by consent 'when there is no objection to the introduction of evidence on that issue.'"(quoting *Scariti v. Sabillon*, 16 So. 3d 144, 145–46 (Fla. 4th DCA 2009))).

Having determined the trial court improperly granted a motion for involuntary dismissal after the plaintiff finished its case-in-chief, we reverse the involuntary dismissal and final judgment and remand for a new trial.

*Reversed and remanded for further proceedings.*

WARNER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

9