DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DALIA ISRAEL,**
Appellant,

v.

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER POOLING
AND SERVICING AGREEMENT DATED AS OF MARCH 1, 2006
MASTER ASSET-BACKED SECURITIES TRUST 2006-WMCI
MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-WMCI,**
and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR WMC MORTGAGE CORPORATION,**
Appellees.

No. 4D20-2331

[November 10, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm
Beach County; Roger B. Colton, Judge; L.T. Case No. 50-2018-CA-005314-
XXXX-MB.

Michael Jay Wrubel of Michael Jay Wrubel, P.A., Davie, for appellant.

Kimberly S. Mello and Arda Goker of Greenberg Traurig, P.A., Orlando,
for appellee U.S. Bank National Association, as Trustee, etc.

PER CURIAM.

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.
WARNER, J., dissents with opinion.

WARNER, J., dissenting.

I dissent from the affirmance of this foreclosure judgment. I would hold
that the servicer failed to prove that it provided any notice of default
pursuant to paragraph 22 of the mortgage. The facts of this case appear
to be identical to those in *Blum v. Deutsche Bank Trust Co.*, 159 So. 3d 920
(Fla. 4th DCA 2015), as the case was explained in *Federal National*

*Mortgage Association v. Hawthorne*, 197 So. 3d 1237, 1240 (Fla. 4th DCA 2016):

> In *Blum*, we reversed and remanded for entry of dismissal where "[t]he 'breach letter' admitted into evidence did not meet the requirement in the mortgage to deliver the default notice to appellant at the 'notice address,' defined in the mortgage as 'the property address.' " *Id.* at 920–21. However, the record in *Blum* reflected that the plaintiff sent the default notice to a post office box not listed in the mortgage, and no evidence existed to indicate that the defendant had provided the post office box information to the plaintiff.

Like *Blum*, the notice of default in this case was sent to a post office box address for which there was no evidence that the defendant provided that address to the servicer. The notice was returned unclaimed.

Failure to comply with paragraph 22, a condition precedent to filing suit, should have resulted in dismissal. *See Blum*, 159 So. 3d 920; *Holt v. Calchas, LLC*, 155 So. 3d 499, 507 n.4 (Fla. 4th DCA 2015). I would reverse.

*   *   *

***Not final until disposition of timely filed motion for rehearing.***