PER CURIAM.
The appellants, Advercolor Press, Inc., and William Konchak sued Graphic Sales Innovators, Inc., Howard P. Bankston, Enrique Bertrán, David LoCicero, John Sidney Brown and Alexander D. Loffler. Advercolor and Konchak sought an injunction and damages against all defendants. Advercolor was the former employer of all the individual defendants. Konchak is the controlling stockholder of Advercolor and Bankston is a former employee, stockholder and director of Advercolor. The other individual defendants are former employees of Advercolor, and defendant Graphic Sales Innovators, Inc. is a corporation competing with Advercolor. In this *900 action, Advercolor alleges that Bankston (1) breached his fiduciary duty as an officer, (2) diverted corporate opportunities for business, (3) conspired with the other defendants to compete unfairly with Ad-vercolor, and (4) induced breaches of plaintiff’s contracts by interference therewith.
The cause came on for a non-jury trial. After hearing approximately 1600 pages of testimony,[1] the trial judge dismissed the cause.[2] The appellant has brought two points for reversal. The first states that the trial court erred in granting the involuntary dismissal because the plaintiff had established a prima facie case. Our review of the record convinces us that no error has been shown under this point. See Renpak, Inc. v. Oppenheimer, Fla.App.1958, 104 So.2d 642.
Appellant’s second point is:
“Whether it is reversible error for the trial court sitting without a jury to have granted an involuntary dismissal in the middle of the presentation of the defendants’ case?”
The trial judge heard all of the plaintiff’s case before he received the motion of the defendants. At that time, he reserved ruling on the motion, but very shortly thereafter announced his decision.
The Supreme Court of Florida held in Tillman v. Baskin, Fla.1972, 260 So.2d 509:
“There is nothing in Rule 1.420(b) making mandatory a weighing of the facts before the end of all the testimony. Fairness and justice demand that this not be done where the plaintiff has presented a prima facie case in his favor. We prefer the rule enunciated by the Supreme Court of Alaska to that followed by the federal courts. It is inconceivable that a trial judge can fairly find for a defendant after hearing nothing more than testimony from a plaintiff establishing a prima facie case in that plaintiff’s favor. When a prima facie case is made by plaintiff, fairness would appear to require that the trial judge weigh it in the light of the strength or weakness of the defendant’s defense evidence, if any, as in the case of a jury trial. We hold that a trial judge cannot weigh evidence when ruling on a defendant’s Rule 1.420(b) F.R.C.P. motion for involuntary dismissal following the presentation of a prima facie case by a plaintiff.”
Better practice calls for a ruling upon a defendant’s motion for involuntary dismissal at the close of plaintiff’s case. There is always the possibility that if any of defendant’s evidence is taken that it may unconsciously influence the decision without the plaintiff having the opportunity to rebut the evidence. Such a situation is not inferable in the instant case. It is clear that the trial judge simply found that under all of the circumstances presented by the plaintiff’s evidence, he could not in good conscience grant the relief prayed for. We agree.
Affirmed.
NATHAN, J., dissents.

. A part of the order entered reads:
“THIS CAUSE coming on to be heard for non-jury trial and the Court having had the opportunity to hear approximately ten days of testimony from the various witnesses and having read the depositions introduced into evidence as well as having reviewed all exhibits and having heard the arguments of counsel, and being otherwise duly advised in the premises, it is thereupon. . . .”

. Rule 1.420(b), R.C.P., provides in part:
“After a party seeking affirmative relief in an action tried by the court without a jury has completed the presentation of his evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to relief, without waiving the right to offer evidence if the motion is not granted. The court as trier of the facts may then determine them and render judgment against the party seeking affirmative relief or may decline to render judgment until the close of all the evidence.”