RYDER, Judge.
Edmund Sempf appeals the final judgment denying his claims for foreclosure of a mortgage and cancellation of a satisfaction of mortgage. We reverse.
The undisputed findings of the court below include the following facts. Edmund Sempf sold real estate to his son, Helmut Sempf, in 1973 taking back a note and mortgage which is the subject of this action. Payments were due on a monthly basis, but no payments were made. Edmund Sempf began making demand on Hel-mut for payment within three months after the obligation accrued.
On March 7, 1977, Robert E. Ruhlman purchased the subject property from Hel-mut Sempf. Ruhlman requested and understood that he was getting free and clear title subject to a new mortgage to Flagship Bank of St. Petersburg. At that time, there was in the records of the clerk of the circuit court a satisfaction of mortgage in favor of Edmund Sempf from his son, Hel-mut, which was forged. Ruhlman had no knowledge of impropriety in the chain of title and no knowledge of a forged satisfaction of mortgage.
Several months prior to the purchase, Sempf had actual knowledge that his son might attempt to forge a satisfaction of mortgage, and knew of a prior forgery of his signature and misappropriation of his funds by Helmut. In response to that fear, Sempf had continuing correspondence with an attorney in St. Petersburg with respect to his concerns about the mortgage. Sempf knew there was a proposed sale to Robert Ruhlman, and was aware of the name of the closing agent. Sempf corresponded with the Pinellas County Clerk of Court concerning the potential forgery and received a letter back advising that the forged satisfaction could be invalidated with appropriate legal action. During all times relevant, Sempf was incarcerated in Canada.
Based on the above factual findings, the lower court additionally found that appellant failed to protect his interest or the interest of the purchasers by advising the purchasers of potential irregularities. This finding that Edmund Sempf was negligent and thereby contributed to the loss, coupled with the lower court’s findings that Sempf owed a duty to advise the proper persons of his concerns for possible fraudulent satisfaction of the mortgage, resulted in the lower court’s denying cancellation of the mortgage and foreclosure. The court also found Sempf guilty of laches by failing to take action to establish his rights until Ruhlman filed an action to quiet title below.
We are unable to discern a duty owed by appellant to a purchaser to advise that a fraudulent document might appear. It is true that equitable principles may be applied to effect the remedy of cancellation *761 of a mortgage satisfaction. United Service Corp. v. Vi-An Construction Corp., 11 So.2d 800 (Fla.1955). In order to effect cancellation under those equitable principles, the mortgagee must be free of negligence in order to prevail. Id. We see no such negligence by appellant to defeat the cancellation. While incarcerated in Canada, appellant retained local counsel to protect his mortgage interest in the property. Appellant actively corresponded with local counsel for various parties, and even the circuit court clerk in attempts to preserve the mortgage. After learning that a sale had taken place, appellant wrote the indicated title agency and counsel in attempts to determine where the proceeds from the sale went. This correspondence continued through June 1977, after appellant learned of the March sale. We are not able to determine from this record when appellant learned that a forged satisfaction was filed, but counsel for appellant made demand on appellee Ruhlman for payment in September of 1977.
Thus, the record indicates no more than a three-month delay before appellant’s demand noticed appellee that something was amiss. We hold that there is no competent evidence in the record to support a finding of laches, or of a breach of duty.
The final judgment below is REVERSED and the case REMANDED for further proceedings.
SCHEB, C. J., and SCHOONOVER, J., concur.