JORGENSON, Judge.
First Family Mortgage Corporation of Florida appeals from an order reinstating a note and mortgage but excusing the mortgagor from paying interest for a three-year period. We affirm.
First Family is the owner and holder of a note and mortgage from Vance and Ruth White. By mistake or inadvertence, First Family satisfied the mortgage in 1985 and rejected the Whites’ tenders of their mortgage payments in August and September, 1985. In January, 1986, First Family filed an action for declaratory relief seeking reinstatement of the mortgage. In April, 1988, nearly twenty-eight months after the action was filed, First Family filed a motion for summary judgment accompanied by an affidavit in which a First Family employee stated that the mortgage company had mistakenly credited to the Whites’ account a payment intended for an account with a similar number. The affidavit further specified the amount due each month and the last date for which payments were credited. In his response to First Family’s motion for summary judgment, White argued that the mortgage company’s refusal of the tenders of payment in 1985 released him and his wife of the obligation to pay interest. In his accompanying affidavit, White attested to the tenders and stated that he intended to resume payments on the balance of the mortgage as soon as the correct balance was determined.[1]
First Family presented no evidence and was unable even to tell the court what balance on the mortgage and note remained unpaid or state with any certainty the interest rate. Vance White testified that his two tenders had been rejected, that he had then stopped making payments, and that he had never received any demand from First Family for the monthly payments. The trial court granted First Family’s motion and reinstated the mortgage. In the final judgment, the court ordered the Whites to resume monthly payments but stated that “the Defendants shall not be required to pay any sums for interest on this note and mortgage for the period August 1, 1985 to August 12, 1988.” First Family appeals.
A court may apply equitable principles to effect cancellation of a mortgage satisfaction when that satisfaction was the result of mistake or inadvertence. United Serv. Corp. v. Vi-An Constr. Corp., 77 So.2d 800 (Fla.1955); Sempf v. Ruhlman, 415 So.2d 759 (Fla. 2d DCA), rev. denied sub nom Flagship Bank of St. Petersburg, N.A. v. Sempf, 422 So.2d 842, appeal dismissed, 422 So.2d 843 (Fla.1982). A court of equity “has a broad discretion in forming decrees to adapt the relief to the circumstances of the particular case.” Winn & Lovett Grocery Co. v. Saffold Bros. Produce Co., 121 Fla. 833, 164 So. 681 (1935) (citations omitted).
Here, the court properly exercised its discretion in fashioning an equitable remedy which awarded First Family precisely what it had requested in its complaint: reinstatement of the mortgage. The Whites remain liable for the balance remaining on the mortgage and note and have been ordered to resume their monthly payments. First Family itself caused the initial error and then refused the Whites’ tender of the mortgage payments. Given that fact and considering the course of the litigation, we find no abuse of discretion and affirm.
Affirmed.

. Although the Whites made no mortgage payments to First Family after their tenders were rejected, they made all required tax and insurance payments.