QUINCE, Judge.
Capital Media, Incorporated, (Capital), seeks reversal of the trial court’s order granting an involuntary dismissal of counts I through IX at the close of the plaintiffs case. We reverse because the trial court did more in ruling on the motion than determine whether or not the plaintiff proved a prima facie case.
Capital filed a multi-count complaint against Donna Haase (Haase), Kathleen Jones (Jones), Haase and Jones Associates, Inc., (Haase and Jones, Inc.), d/b/a Rapid Commercial Printing, Inc., f/k/a Rapid Printing of Pinellas County, Inc. (RPPCC) and Robert Tutty (Tutty), alleging, inter alia, replevin and an action for damages on a promissory note, security agreement, personal guarantee, and a hypothecation agreement. Tutty was the sole shareholder and individual guarantor of the corporate debt of RPPCC. The individual defendants Haase and Jones are the daughters of Tutty, and both were directors, officers and employees of RPPCC for its entire active life. Haase and Jones, Inc. is the alleged corporate transferee of the assets and the business of RPPCC and is wholly owned by Haase and Jones. The new corporation, Haase and Jones, Inc., was formed the same month RPPCC ceased business.
At the conclusion of the plaintiffs case, the defendants moved for a directed verdict. The trial court treated the motion as a motion for involuntary dismissal. The court then granted the motion and in the final judgment on counts I through IX stated specifically that he had considered the credibility of witnesses and weighed the evidence in making the determination to grant the involuntary dismissal. The appellant argues and we agree that the trial court erred in both evaluating the credibility of witnesses and weighing the evidence on a motion for involuntary dismissal.
*633 This court and others have consistently held that on a motion for involuntary dismissal, made at the close of the plaintiffs case in a nonjury trial, a trial court is limited to determining whether or not the plaintiff has made a prima facie case. Tillman v. Baskin, 260 So.2d 509 (Fla.1972) and State, Department of Health and Rehabilitative Services v. Thibodeaux, 547 So.2d 1243 (Fla. 2d DCA 1989). The court in making such a determination can neither weigh the evidence nor consider the credibility of witnesses. Saporito v. Madras, 576 So.2d 1342 (Fla. 5th DCA 1991).
Since the trial court in this instance did not limit itself to determining if the plaintiff made a prima facie case, we reverse the final judgment and remand for a new trial.
DANAHY, A.C.J., and ALTENBERND, J., concur.