KELLY, Judge.
 

 Appellants, All Real Estate Title Services, Inc., and Michelle Ann Boyd, challenge a final judgment entered in favor of Minqh Quang and Hanh Luu Vuu finding appellants negligent in mistakenly preparing a satisfaction of a mortgage that the Vuus contended extinguished their ability to recover money owed to them under a note. We reverse.
 

 The Vuus were the owners and holders of a note executed by John Bodziak as president of 1900 Coach House Partner’s, Inc. The note was secured by a purchase money mortgage on property Coach House had replatted into Lots 1, 2, and 3. Coach House sold Lots 1 and 2, and the purchaser of Lot 2 later sold it. During this series of transactions, Boyd and All Real Estate prepared a variety of documents including a satisfaction of mortgage that had the effect of satisfying the original note and mortgage even though Coach House was still obligated on the note and that obligation was supposed to have been secured by Lot 3.
 

 Approximately a year after the Vuus signed the satisfaction of mortgage, Bodz-iak stopped making payments on the Coach House note, and the Vuus sued to collect on the note, to rescind the satisfaction of mortgage, or in the alternative, to foreclose on the property. Coach House and Bodziak raised the affirmative defense of accord and satisfaction, claiming that the satisfaction of mortgage Boyd prepared extinguished the Vuus’ entitlement to payment. The Vuus then brought this action against Boyd and All Real Estate alleging that Boyd had negligently prepared the satisfaction of mortgage and that as a result, they had lost the ability to
 
 *262
 
 recover the amount due them under the note. Ultimately, the trial court ruled in favor of the Vuus concluding that Boyd was negligent, that the erroneous inclusion of the language satisfying the note caused the Vuus to “lose their cause of action” on the note, and that the Vuus were damaged in the amount of the unpaid balance.
 

 In this appeal, Boyd and All Real Estate argue that the court should have entered judgment in their favor because even if Boyd had been negligent when she prepared the satisfaction of mortgage, the Vuus were not damaged because, contrary to the trial court’s conclusion, that negligence did not extinguish their claim against Coach House and Bodziak for the balance due on the note. They contend that because the Vuus never intended to extinguish Coach House and Bodziak’s obligations under the note, the mistaken satisfaction of the mortgage is subject to rescission and reformation and thus the Vuus never lost the ability to collect on the note. We agree.
 

 Cancellation or renunciation of a promissory note and release of security is ineffective if it is unintentional or procured by mistake.
 
 Gover v. Home & City Sav. Bank,
 
 574 So.2d 806 (Fla. 1st DCA 1991);
 
 see also
 
 § 673.6041, Fla. Stat. (2001). A court may apply equitable principles to reverse the cancellation of a mortgage satisfaction when that satisfaction is the result of mistake or inadvertence.
 
 United Serv. Corp. v. Vi-An Constr. Corp.,
 
 77 So.2d 800, 803 (Fla.1955);
 
 First Family Mortg. Corp. of Fla. v. White,
 
 549 So.2d 1049, 1050 (Fla. 3d DCA 1989). Thus, the Vuus’ unintentional renunciation of the note by way of the mistaken satisfaction of mortgage did not, and could not, have extinguished their rights under the note.
 

 To support a negligence claim, the Vuus were required to show (a) the existence of a duty recognized by law requiring Boyd and All Real Estate to conform to a certain standard of conduct for the protection of others, including the Vuus; (b) a failure on the part of Boyd and All Real Estate to perform the duty; and (c) injury or damage proximately caused by such failure.
 
 See Lisanti v. City of Port Richey,
 
 787 So.2d 36, 37 (Fla. 2d DCA 2001);
 
 Landrum v. John Doe Pit Digger,
 
 696 So.2d 926, 928 (Fla. 2d DCA 1997). Because the Vuus’ right to recover under the note has not been extinguished, they have failed to carry their burden of showing that they have suffered any injury from the preparation of the satisfaction of the mortgage. Accordingly, we reverse the judgment in favor of the Vuus and remand for the entry of a judgment in favor of Boyd and All Real Estate.
 

 Reversed and remanded.
 

 DAVIS, J., and RAIDEN, MICHAEL E., Associate Judge, Concur.