NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEUTSCHE BANK NATIONAL TRUST )
COMPANY AS TRUSTEE FOR )
HARBORVIEW MORTGAGE LOAN )
TRUST 2006-8, )
)
       Appellant, )
)
v. )    Case No. 2D15-3812
)
KARL ARTHUR KUMMER, )
)
       Appellee. )
                                  )

Opinion filed July 1, 2016.

Appeal from the Circuit Court for Sarasota
County; Nancy Donnellan, Senior Circuit
Judge.

W. Bard Brockman and Damon J.
Whitaker of Bryan Cave LLP, Atlanta,
Georgia, for Appellant.

Karl Arthur Kummer, pro se.

LUCAS, Judge.

       Deutsche Bank National Trust Company (Deutsche Bank), as Trustee for

Harborview Mortgage Loan Trust 2006-8 (the trust), appeals the circuit court's

involuntary dismissal of its foreclosure complaint against Karl Kummer. Because the

court erroneously rendered credibility determinations throughout its order and improvidently dismissed Deutsche Bank's complaint, we reverse the circuit court's order.

Mr. Kummer executed a promissory note and mortgage on his condominium in connection with a $115,500 loan he obtained from BankUnited FSB on February 13, 2006. Following his default on the loan in May 2010, Deutsche Bank initiated a foreclosure action against Mr. Kummer in June 2012, which proceeded to trial on May 18, 2015.

The issue of Deutsche Bank's standing to foreclose Mr. Kummer's mortgage was contested throughout the litigation and was the principal focus of the trial. At the trial, Deutsche Bank, through its witness, introduced into evidence the original note (which included an affixed allonge endorsed in blank that was executed on the same day as the note), a power of attorney between Deutsche Bank and its loan servicer, Ocwen National Corporation, the notice of breach and intent to accelerate letter, a 2006 pooling and service agreement, and excerpts of the mortgage loan schedule for the pooling and service agreement showing Mr. Kummer's payments on the loan to the loan's various servicers. The testimony and documentary evidence established that Mr. Kummer's loan was previously transferred to the trust from the Federal Deposit Insurance Corporation and that Deutsche Bank, as the trust's trustee, brought this foreclosure action on the trust's behalf.

Mr. Kummer's trial counsel challenged the sufficiency of this evidence, questioning the propriety of a prior assignment of mortgage and a notary stamp on that assignment. Mr. Kummer's counsel also introduced into evidence a 248-page

document he evidently obtained from the Internet, which, he claimed, was an investment prospectus supplement for the trust.[1]

After the close of Mr. Kummer's case, the circuit court granted Mr. Kummer's prior motion for involuntary dismissal. In granting the motion, the court determined that Deutsche Bank had not proven its standing based on its view of the evidence presented at trial. Pertinent here, the court's written order, entered on June 30, 2015, contained the following rulings:

> The notary stamp on the Assignment of Mortgage bears an expiration date more than four years from the date of the document's execution.
>
> . . . .
>
> . . . The Assignment of Mortgage executed 5 years after the closing of the Trust raises uncertainty as to when the Plaintiff acquired the Note.
>
> . . . The involvement of the FDIC as receiver for Bank United, FSB contradicts Plaintiff's evidence as to when the Plaintiff acquired the Note.
>
> . . . The Court does not find the Assignment of Mortgage persuasive to establish that the FDIC assigned this Note and this Mortgage to this Trust.
>
> . . . The Court is not satisfied that Plaintiff proved that the subject matter loan was a part of the Trust at the date of closing.

---

[1]Over objection, the circuit court admitted this unauthenticated document, which was never qualified as a business record, into evidence. Besides its questionable relevancy, the document was clearly hearsay and should not have been admitted. See Rodgers v. State, 113 So. 3d 761, 775 (Fla. 2013) ("To admit a document into evidence pursuant to the business record exception [of the hearsay rule], the proponent must show that the record was 'kept in the course of a regularly conducted business activity' by presenting the 'testimony of the custodian or other qualified witness' or by presenting a sufficient 'certification or declaration.' § 90.803(6)(a), Fla. Stat. (2003).").

The order granted Mr. Kummer's motion and dismissed Deutsche Bank's complaint with prejudice. Deutsche Bank now appeals the court's order.

We review an order granting a motion for involuntary dismissal at the close of a case under a de novo standard of review. Allard v. Al-Nayem Int'l, Inc., 59 So. 3d 198, 201 (Fla. 2d DCA 2011). When a party raises a motion for involuntary dismissal in a nonjury trial

> the movant admits the truth of all facts in evidence and every reasonable conclusion or inference based thereon favorable to the non-moving party. Where the plaintiff has presented a prima facie case and different conclusions or inferences can be drawn from the evidence, the trial judge should not grant a motion for involuntary dismissal.

Day v. Amini, 550 So. 2d 169, 171 (Fla. 2d DCA 1989) (citation omitted). A trial court "can neither weigh the evidence nor consider the credibility of witnesses" when deciding a motion for involuntary dismissal. Capital Media, Inc. v. Haase, 639 So. 2d 632, 633 (Fla. 2d DCA 1994).

Here, the circuit court's order was plainly based upon a reliability determination concerning the weight, believability, and merit of conflicting evidence. While the court, sitting as the finder of fact, could appropriately consider any uncertainty, contradiction, or persuasiveness in the evidence when rendering its judgment, that kind of comparative analysis had no place in the context of a motion for involuntary dismissal. Deutsche Bank presented more than a prima facie case. See Perez v. Perez, 973 So. 2d 1227, 1231 (Fla. 4th DCA 2008) ("An involuntary dismissal is properly entered only where the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case."). Its complaint should not have been involuntarily dismissed at trial. Capital Media, 639 So. 2d at 633; Perez, 973 So.

- 4 -

2d at 1231.[2]  Accordingly, we reverse the order on appeal and remand this case for further proceedings.

Reversed and remanded.

VILLANTI, C.J., and WALLACE, J., Concur.

---

[2]We would further note that the timing of the court's involuntary dismissal of Deutsche Bank's complaint—after both parties had rested their respective cases, when the court could have just as easily rendered a final judgment on the merits—was unusual and perhaps not in keeping with the "best practice" in nonjury trials of ruling on such a motion at the conclusion of the plaintiff's case.  See Advercolor Press, Inc. v. Graphic Sales Innovators, Inc., 307 So. 2d 899, 900 (Fla. 3d DCA 1975).