PER CURIAM.
In this mortgage foreclosure action, the trial court granted the defendant’s motion for involuntary dismissal. See Fla. R. Civ. P. 1.420(b). The court gave credence to the defendant’s affirmative defense. that the mortgage had been satisfied, based on a recorded affidavit introduced during the plaintiffs case. We reverse and remand for trial of the affirmative defense.
On a motion for involuntary dismissal, the trial court may not weigh the evidence, but must view it “in the light most favorable to [the nonmoving party].” Miller v. Nifakos, 655 So.2d 192, 193 (Fla. 4th DCA 1995). See also McCabe v. Hanley, 886 So.2d 1053, 1056 (Fla. 4th DCA 2004). “An involuntary dismissal or directed verdict is properly entered only when the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case on the non-moving party’s claim.” McCabe, 886 So.2d at 1055 (citation and internal quotation marks omitted). Here, the plaintiff presented a prima facie case to foreclose the mortgage. See Bank of Am., N.A. v. Delgado, 166 So.3d 857, 859 (Fla. 3d DCA 2015).
On the trial of the affirmative defense that the mortgage had been satisfied, the circuit court shall determine whether the document purporting to satisfy the mortgage was in error. See Azar v. Steiner, 142 Fla. 748, 196 So. 293 (1940). “A court may apply equitable principles to reverse the cancellation of a mortgage satisfaction when that satisfaction is the result of mistake or inadvertence.” All Real Estate Title Servs., Inc. v. Minqh Quang Vuu, 67 So.3d 260, 262 (Fla. 2d DCA 2010).
On another point on appeal, we hold that the recorded affidavit was properly admitted into evidence.

Reversed and remanded.

GROSS, KLINGENSMITH, JJ., and LINDSEY, NORMA S„ Associate Judge, concur.