NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CITI MORTGAGE, INC.,           )
                               )
          Appellant,           )
                               )
v.                             )          Case No. 2D17-4064
                               )
CHRISTOPHER J. CHESNEY,        )
                               )
          Appellee.            )
_____)

Opinion filed May 17, 2019.

Appeal from the Circuit Court for Pasco
County; Ray E. Ulmer, Senior Judge.

Nancy M. Wallace of Akerman LLP,
Tallahassee; William P. Heller of Akerman
LLP, Fort Lauderdale; and Eric M. Levine
of Akerman LLP, West Palm Beach, for
Appellant.

Robert E. Biasotti of Biasotti Law, Saint
Petersburg, for Appellee.


LaROSE, Chief Judge.


          Affirmed.


KELLY, J., Concurs.
ATKINSON, J., Dissents with opinion.

ATKINSON, Judge, Dissenting.

Citi Mortgage, Inc. (Citi), appeals the final judgment entered after a nonjury trial, in favor of the borrower, Christopher J. Chesney, dismissing the case without prejudice for Citi's failure to establish its standing to foreclose. Because Citi adduced legally sufficient evidence that it was entitled to enforce the promissory note before it filed the foreclosure action, I would reverse.

We review a trial court's ruling on a motion for involuntary dismissal de novo. Deutsche Bank Nat'l Tr. Co. v. Kummer, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016) (citing Allard v. Al–Nayem Int'l, Inc., 59 So. 3d 198, 201 (Fla. 2d DCA 2011)).

In April 2009, three years after he executed a promissory note and mortgage, Mr. Chesney defaulted by failing to make the required payment. On June 2, 2009, Citi provided Mr. Chesney with notice of that default. On July 6, 2009, Citi sent a referral package concerning Mr. Chesney's loan to a law firm. One week later, on July 13, 2009, Citi sent that firm a letter (the Bailee Letter), enclosing the original promissory note and mortgage. The firm filed a foreclosure action against Mr. Chesney approximately one month later. Although the original promissory note contained three indorsements—two of which were on the affixed allonge—the copy of the note that was attached to the original foreclosure complaint did not contain any indorsements.

Mr. Chesney contends that despite trial testimony from Citi's business analyst confirming that Citi enclosed the original promissory note containing the necessary indorsements with the Bailee Letter, Citi failed to establish its "standing to foreclose." Mr. Chesney suggests that because Citi attached to its complaint a copy of the promissory note without any indorsements, he is entitled to a rebuttable

- 2 -

presumption that Citi lacked possession of the original indorsed promissory note when it filed the complaint—in essence a "reverse-Ortiz[1] presumption." This argument lacks logic and runs contrary to the very purpose of what has come to be identified as the Ortiz presumption: elimination of the need to adduce separate proof of a lender's entitlement to enforce the note as a holder at the time the complaint is filed when the original note admitted at trial reflects the copy attached to the complaint. Inability to utilize this evidentiary inference does not place a more onerous burden of proof on the lender; it merely requires that the lender meet its original burden.

In Ortiz, the Fourth District recognized that a lender's presuit holder status is sufficiently established when the copy of the note attached to the foreclosure complaint contains the proper indorsements and matches the original note subsequently introduced at trial:

> We recognize the fact that a copy of a note is attached to a complaint does not conclusively or necessarily prove that the Bank had actual possession of the note at the time the complaint was filed. However, if the Bank later files with the court the original note in the same condition as the copy attached to the complaint, then we agree that the combination of such evidence is sufficient to establish that the Bank had actual possession of the note at the time the complaint was filed and, therefore, had standing to bring the foreclosure action, absent any testimony or evidence to the contrary.

188 So. 3d at 925 (footnote omitted). If the note attached to the complaint does not have the same indorsements as the original note introduced at trial, meaning that it is not in the "same condition," then the lender must merely establish, through separate proof, its entitlement to enforce the note as a holder at the inception of the suit. See,

---

[1]Ortiz v. PNC Bank, Nat'l Ass'n, 188 So. 3d 923 (Fla. 4th DCA 2016).

e.g., Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 189 (Fla. 2d DCA 2016) (en banc) (holding that the lender failed to show standing to foreclose the mortgage "at the time the original complaint was filed"); May v. PHH Mortg. Corp., 150 So. 3d 247, 248–49 (Fla. 2d DCA 2014) (holding that when a nonoriginating lender alleges it is a holder it must adduce evidence at trial that it had possession of the original note with the proper indorsements when it filed the foreclosure complaint).

Despite evidence that Citi was in possession of the properly indorsed original note when it was placed in the bailee letter and sent to its agent prior to the filing of the complaint, Mr. Chesney's arguments rely on the assumption that the subsequent attachment to the complaint of an unindorsed copy of the note can only mean one thing: Citi did not possess the indorsed copy it later produced at trial. However, there are many innocent reasons why Citi's attorneys might have attached an unindorsed copy of the note despite having received the properly indorsed original. For example, they may have begun drafting the complaint prior to their receipt of the original note and failed to replace the copy of the note from the loan-origination file, which would not have any indorsements, with the copy of the original note they just received from Citi. Regardless, Citi did not need to adduce separate proof of such an explanation. To withstand Mr. Chesney's motion for involuntary dismissal, Citi was merely required to prove a prima facie foreclosure case. See May, 150 So. 3d at 248; Capital Media, Inc. v. Haase, 639 So. 2d 632, 633 (Fla. 2d DCA 1994). This required proof of the promissory note and mortgage; Mr. Chesney's default; Citi's acceleration of the debt to maturity; the amount due, see Kelsey v. SunTrust Mortg., Inc., 131 So. 3d 825, 826

- 4 -

(Fla. 3d DCA 2014); and Citi's entitlement to enforce the note, see Winchel v. PennyMac Corp., 222 So. 3d 639, 643 (Fla. 2d DCA 2017).

Contrary to Mr. Chesney's contention, Citi proved the last element through the testimony of its business analyst, as well as the Bailee Letter, which established that Citi's attorneys had possession of the original promissory note containing the proper indorsements approximately one month before Citi brought the instant foreclosure suit.[2] This evidence, when viewed in the light most favorable to Citi, was competent and substantial evidence of Citi's entitlement to enforce the promissory note. See Deutsche Bank Nat'l Tr. Co. v. Clarke, 87 So. 3d 58, 60 (Fla. 4th DCA 2012). As such, I would reverse.

---

[2]Mr. Chesney also suggests that Citi's proof was insufficient because there are "six 'original' promissory notes that are all supposed to be the same" and Citi failed to adduce "evidence why these 'original' notes are not identical." This argument is not compelling for two reasons. First, a review of the record indicates that each of these copies of the note are, in fact, identical but for differences in the redactions, which are required under Florida Rule of Judicial Administration 2.425. Second, conflicting evidence does not necessitate a finding of involuntary dismissal. See Kummer, 195 So. 3d at 1175 ("A trial court 'can neither weigh the evidence nor consider the credibility of witnesses' when deciding a motion for involuntary dismissal." (quoting Capital Media, 639 So. 2d at 633))). Even assuming arguendo that these discrepancies support Mr. Chesney's contention that Citi did not possess the original note at the time the complaint was filed, it would not change the fact that Citi's evidence on that question was sufficient to justify denial of the motion for involuntary dismissal.