NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

U.S. BANK NATIONAL ASSOCIATION,   )
as trustee for the holders of the Terwin   )
asset-backed securities series 2007-QHL1, )
          )
       Appellant,   )
          )
v.   )   Case No. 2D16-5243
          )
TAMMY L. COOK and CHRISTOPHER   )
COOK,   )
          )
       Appellees.   )
_____)

Opinion filed July 17, 2019.

Appeal from the Circuit Court for Pinellas
County; Cynthia Newton, Judge.

Shawn Taylor of DeLuca Law Group, PLLC,
Fort Lauderdale, for Appellant.

Mark P. Stopa of Stopa Law Firm, Tampa
(withdrew after briefing), for Appellees.

Tammy L. Cook and Christopher Cook,
pro se.

SLEET, Judge.

      U.S. Bank appeals the circuit court's involuntary dismissal of its

foreclosure complaint against Tammy and Christopher Cook. Because the bank

provided sufficient evidence to support a prima facie case for foreclosure, we reverse.

The bank initiated this foreclosure action on December 13, 2013. The bank alleged that Specialized Loan Servicing LLC (SLS) serviced the loan as the bank's "duly appointed Attorney in Fact as set out in the Power of Attorney," which the bank attached as an exhibit to the amended complaint. At trial, the bank called an SLS representative to testify and admitted into evidence two limited powers of attorney between the bank and SLS; the original note and mortgage; the 2008 assignment of the note and mortgage to the bank; an October 31, 2013, bailee letter authorizing the bank's attorney to hold the Cooks' original note and mortgage; copies of a 2013 loan modification; loan payment records; and the amount of debt owed. All of these documents were admitted over the Cooks' objections.

After the bank rested, the Cooks moved for involuntary dismissal. The Cooks argued that the bank failed to prove an agency relationship between itself and SLS and therefore failed to show that it had constructive possession of the note at the time it filed the amended complaint. The trial court granted the motion for involuntary dismissal, finding that "[t]he evidence presented is insufficient to establish an agency relationship exists between the [bank] and SLS." This was error. Because we conclude that the bank admitted sufficient evidence that it constructively possessed the note through its agent, SLS, when it filed its initial complaint on December 13, 2013, we reverse.

"We review an order granting a motion for involuntary dismissal at the close of a case under a de novo standard of review." Deutsche Bank Nat'l Tr. Co. v. Kummer, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016). "An involuntary dismissal or directed verdict is properly entered only when the evidence considered in the light most

favorable to the [nonmoving] party fails to establish a prima facie case on the [nonmoving] party's claim."  Wells Fargo Bank, N.A. v. Eisenberg, 220 So. 3d 517, 522 (Fla. 4th DCA 2017) (emphasis omitted) (quoting McCabe v. Hanley, 886 So. 2d 1053, 1055 (Fla. 4th DCA 2004)).  The trial court "can neither weigh the evidence nor consider the credibility of witnesses" in ruling on a motion for involuntary dismissal.  Capital Media, Inc. v. Haase, 639 So. 2d 632, 633 (Fla. 2d DCA 1994); see also Tillman v. Baskin, 260 So. 2d 509, 511 (Fla. 1972).  And the appellate court will affirm an involuntary dismissal "only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party."  Deutsche Bank Nat'l Tr. Co. v. Huber, 137 So. 3d 562, 563–64 (Fla. 4th DCA 2014).

"A plaintiff who is not the original lender may establish standing to foreclose a mortgage loan by submitting a note with a blank or special [i]ndorsement, an assignment of the note, or an affidavit otherwise proving the plaintiff's status . . . ."  Focht v. Wells Fargo Bank, N.A., 124 So. 3d 308, 310 (Fla. 2d DCA 2013).  It is undisputed that the bank did not have direct possession of the note.  However, at trial it proceeded on a theory that SLS possessed the note on its behalf at the time the bank filed its foreclosure complaint.  See Phan v. Deutsche Bank Nat'l Tr. Co. ex rel. First Franklin Mortg. Loan Tr. 2006-FF11, 198 So. 3d 744, 749 (Fla. 2d DCA 2016) ("[W]here an agent holds a mortgage note on behalf of its principal, the principal has constructive possession of the note and standing to file a complaint for foreclosure.").

"The existence of an agency [relationship] may be shown by any substantial evidence, either direct or circumstantial."  Id. (alteration in original) (quoting McCabe v Howard, 281 So. 2d 362, 363 (Fla. 2d DCA 1973)).  "A power of attorney

- 3 -

creates the relationship of principal and agent between the one who gives the power and the one who holds it." Kotsch v. Kotsch, 608 So. 2d 879, 880 (Fla. 2d DCA 1992). The limited powers of attorney admitted by the bank at trial appointed SLS as attorney-in-fact for the bank and granted it the authority to "demand, sue for, recover, collect[,] and receive each and every sum of money, debt, account[,] and interest (which now is, or hereafter shall become due and payable) belonging to or claimed" by the bank. Each included a schedule of accounts to be serviced by SLS, specifically listing the 181 Terwin Micro 2007-QHL trust. The SLS representative testified that the Cooks' note and mortgage were contained within this trust, and her testimony was supported by the payment history records and managed service agreement admitted into evidence. She also testified that SLS had been servicing the Cooks' loan since 2007 and had negotiated a loan modification agreement on behalf of the bank in 2013. This was prima facie evidence of an agency relationship between SLS and the bank.

Moreover the bailee letters admitted at trial reflect that the original note and mortgage were transferred from SLS to the bank's attorney of record in October 2013, two months before the attorney filed the initial foreclosure complaint. Thus, there was sufficient evidence to show that the bank had constructive possession of the note at the time it filed its complaint. See U.S. Bank, Nat'l Ass'n v. Angeloni, 199 So. 3d 492, 493 (Fla. 4th DCA 2016) ("Possession of a note by a third party agent such as a servicer or law firm, gives the 'owner' of the note constructive possession sufficient to establish standing . . . ."); see also Fed. Nat'l Mortg. Ass'n v. McFadyen, 194 So. 3d 418, 422–23 (Fla. 3d DCA 2016) ("While there is no evidence that Fannie Mae had direct or actual possession of the note either after it was received by Aurora, its

- 4 -

servicing agent; when the original was sent to attorney David Stern to file suit to enforce it; when the servicing agreement was assumed by Seterus; or later when this suit was filed, the uncontradicted evidence was that at all times material herein, Fannie Mae was in constructive possession of the note and thus had standing to file suit to enforce it.").

"Where the plaintiff has presented a prima facie case and different conclusions or inferences can be drawn from the evidence, the trial judge should not grant a motion for involuntary dismissal." Kummer, 195 So. 3d at 1175 (quoting Day v. Amini, 550 So. 2d 169, 171 (Fla. 2d DCA 1989)). Because the bank provided sufficient evidence to support its prima facie case for foreclosure, we reverse the order involuntarily dismissing its complaint and remand for further proceedings.

Reversed and remanded.

KELLY and SALARIO, JJ., Concur.