DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RUSHMORE LOAN MANAGEMENT SERVICES, LLC,**
Appellant,

v.

**ALAN KAVOLL** and **RENAY KAVOLL,**
Appellees.

Nos. 4D2022-3446 & 4D2023-1234

[January 17, 2024]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard L. Oftedal, Senior Judge, and Scott R. Kerner, Judge; L.T. Case No. 502017CA001459XXXXMB.

Ileen J. Cantor and Ronald M. Gaché of Logs Legal Group, LLP, Boca Raton, for appellant.

Lisa Paige Glass of Glass Law Office, P.A., Boca Raton, and Geoffrey M. Cahen of Cahen Law, P.A., Boca Raton for appellees.

FORST, J.

Appellant Rushmore Loan Management Services, LLC, ("the Bank") appeals the trial court's final judgment of involuntary dismissal in favor of appellees Alan and Renay Kavoll ("Borrowers"). As set forth below, we reverse the trial court and remand for further proceedings.

## Background

Borrowers executed a mortgage and a note, which required that the Bank send Borrowers a default letter to a New York address as a condition precedent to foreclosure. Eventually, Borrowers defaulted on the mortgage and the Bank moved to foreclose. The Bank alleged in its complaint that it complied with all conditions precedent. In their answer, Borrowers responded that while the Bank had sent the default letter to the subject property's address, the Bank had failed to send the default letter to the New York address listed on the mortgage.

The case proceeded to a non-jury trial, where the Bank submitted undated postal documents as evidence it had sent the default letter.

Borrowers moved for an involuntary dismissal, arguing that the Bank had failed to establish a prima facie foreclosure case because the Bank's evidence failed to show the default letter was mailed to any address. The trial court agreed and involuntarily dismissed the case.

## Analysis

We review an involuntary dismissal order de novo. *Deutsche Bank Nat'l Tr. Co. v. Kummer,* 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016).

Here, Borrowers' first affirmative defense stated "[t]he default letter fails to comply with the notice requirement under Paragraph 21 of the Mortgage because the default letter was sent only to the property address . . . even though the Mortgage specifies that Defendants had and maintained a different post office address [in New York]."

A bank must prove substantial compliance with a condition precedent as part of its prima facie case. *Ortiz v. PNC Bank, Nat'l Ass'n,* 188 So. 3d 923, 925 (Fla. 4th DCA 2016). A bank establishes a prima facie case of substantial compliance with a default letter condition precedent when it shows the letter is mailed to a "valid address for the defendant," even if the mortgage requires the letter be sent to a different address. *Fed. Nat'l Mortg. Ass'n v. Hawthorne,* 197 So. 3d 1237, 1240–41 (Fla. 4th DCA 2016); *see also Citigroup Mortg. Loan Tr. Inc. v. Scialabba,* 238 So. 3d 317, 321–23 (Fla. 4th DCA 2018); *Caraccia v. U.S. Bank, Nat'l Ass'n,* 185 So. 3d 1277, 1280 (Fla. 4th DCA 2016).

Here, by virtue of Borrowers' acknowledgment that a default letter was mailed to a "valid address for the defendant" (albeit not the preferred address), the Bank established a prima facie case on the default letter condition precedent issue. *See Riley v. St. Louis Pub. Serv. Co.,* 245 S.W. 2d 666, 671 (Mo. App. 1952) (The "binding force" of "a judicial admission on defendant's part of the truth of the fact so alleged . . . was not affected by the fact that it was made in the course of the statement of an affirmative defense.").

As pled, to show the Bank *did not* substantially comply with the condition precedent, Borrowers bore the burden to show they were prejudiced by the Bank sending the letter to the subject property's address. *See Ortiz,* 188 So. 3d at 926–27; *Gorel v. Bank of N.Y. Mellon,* 165 So. 3d 44, 47 (Fla. 5th DCA 2015) ("We agree with Bank that the defective notice did not prejudice [the borrower], as he made no attempt to cure the default."). But, as this was Borrowers' burden, the trial court should not have involuntarily dismissed the case, because a motion for involuntary dismissal only asks whether the plaintiff has made a prima facie case. *See*

2

*DFRP Note Purchase Partners I, LP v. Bruno*, 196 So. 3d 576, 577 (Fla. 4th DCA 2016).  As noted above, the Bank did so on the issue upon which the involuntary dismissal was based.

We accordingly reverse the trial court's involuntarily dismissal and remand for further proceedings.  Because we reverse the trial court's final dismissal order, we also reverse the trial court's order granting Borrowers' prevailing party attorney's fees.

*Reversed and remanded.*

MAY and DAMOORGIAN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**