DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MADELINE POSES SCHULMANN,**
Appellant,

v.

**STEVEN SCHULMANN,**
Appellee.

No. 4D2023-1206

[September 4, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mariya Weekes, Judge; L.T. Case No. FMCE23-000289.

Curt Sanchez and Nicole Nicolette Mace of The Law Offices of Curt Sanchez, P.A., West Palm Beach, for appellant.

Amanda B. Haberman and Daniel Kaplan of Kaplan Loebl LLC, Aventura, for appellee.

CONNER, J.

Madeline Poses Schulmann (the "wife") appeals the dismissal of her petition for a domestic violence injunction against Steven Schulmann (the "husband"). The trial court granted the husband's motion for involuntary dismissal after the wife finished her presentation of evidence at the final hearing. We reverse the dismissal and remand the case for a new final hearing after determining the trial court improperly granted the motion for involuntary dismissal.

*Background*

The same day the wife filed her petition to dissolve her marriage, she also filed a petition for a domestic violence injunction against the husband. In the domestic violence petition, the wife alleged she was in fear for her life and that, during the preceding year, the husband once threatened to punch her in the face, once grabbed her nipples and threatened to cut them off (the "grabbing incident"), once threatened to shoot her if she cheated on him, and continuously monitored her whereabouts. She also claimed the husband owned guns and knives, and that he hit her once

nine years ago. The trial court entered a temporary injunction against the husband.

At the final evidentiary hearing on the injunction, due to witness scheduling issues, the trial court permitted three of the husband's witnesses to testify out of turn. The trial court therefore heard evidence from both the husband and the wife before the wife rested.

The wife testified in support of her injunction petition. Cross-examination revealed some vagueness and potential credibility issues in her testimony about the various events which she alleged had created fear of imminent domestic violence. But she decisively testified about the grabbing incident, to which there were no other witnesses.[1]

She also called a neighbor to corroborate her testimony that the husband once acted as if he was going to punch her during a dinner in their home. But the neighbor did not actually witness the event; instead, he could only confirm that the wife told him she was seeking refuge at the neighbor's house because she felt threatened.

After the wife rested, the husband moved for an involuntary dismissal, arguing the wife "failed to meet her burden to show that she is reasonably in fear of her safety." The husband, referring to his own witnesses' testimony, argued that the injunction petition was merely a strategic part of the wife's divorce planning. The husband reserved the right to testify and to call additional witnesses in the event the trial court denied his motion.

The wife countered that she was a past victim of domestic violence and had reasonable cause to believe that she was in imminent danger of further domestic violence based on the grabbing incident and the husband's threat to shoot her if she cheated on him.

The trial court granted the husband's motion for involuntary dismissal, ruling that it

> had an opportunity to review the petition; to hear testimony from numerous witnesses, including [the wife's witness and

---

[1] In deposition testimony, the husband denied the grabbing incident as described by the wife's testimony. The deposition transcript was introduced into evidence by the wife for a different purpose. A review of the record establishes that the husband's denial of the event in his deposition was not brought to the trial court's attention.

2

the husband's three witnesses] and Mrs. Schulmann, as well as take evidence. And based upon the petition, the testimony and the evidence in this particular case, I am going to grant [the husband's] motion. I don't believe that Mrs. Schulmann has met her burden to demonstrate that she's either the victim of domestic violence or has reasonable cause to believe that she's in imminent danger of becoming a victim of domestic violence.

(emphasis added). The trial court also entered a written order dismissing the petition. The wife then gave notice of appeal.

*Appellate Analysis*

"We review an involuntary dismissal order de novo." *Rushmore Loan Mgmt. Servs., LLC v. Kavoll*, 379 So. 3d 1174, 1176 (Fla. 4th DCA 2024).

A court may grant a permanent domestic violence injunction when, following notice and a full evidentiary hearing, the party seeking the injunction demonstrates he or she is a victim of domestic violence or has a reasonable belief that he or she is in imminent danger of becoming a victim of domestic violence. § 741.30(6)(a), Fla. Stat. (2022). Here, the wife argues she is entitled to an injunction both as a past victim and a future victim.

"'Domestic violence' means any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another family or household member." § 741.28(2), Fla. Stat. (2022). The conduct most pertinent to our decision is battery. "[B]attery occurs when a person: 1. Actually and intentionally touches or strikes another person against the will of the other; or 2. Intentionally causes bodily harm to another person." § 784.03(1)(a), Fla. Stat. (2022) (spacing between paragraphs omitted).

Although the husband did not cite any rule authority for his motion for involuntary dismissal, the sole appropriate rule authority was Florida Rule of Family Procedure 12.420(b), which provides in part:

> After a party seeking affirmative relief in an action has completed the presentation of evidence, any other party may move for a dismissal on the ground that on the facts and the law the party seeking affirmative relief has shown no right to

3

> relief, without waiving the right to offer evidence if the motion is not granted.

Fla. Fam. L. R. P. 12.420(b).

"An involuntary dismissal is properly entered only where the evidence considered in the light most favorable to the non-moving party fails to establish a prima facie case." *Perez v. Perez*, 973 So. 2d 1227, 1231 (Fla. 4th DCA 2008).[2]  In ruling on a motion for involuntary dismissal, the trial court may not weigh the credibility of the evidence.  *Id.*; *see also Deutsche Bank Nat'l Tr. Co. v. Kummer*, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016) ("A trial court 'can neither weigh the evidence nor consider the credibility of witnesses' when deciding a motion for involuntary dismissal." (quoting *Capital Media, Inc. v. Haase*, 639 So. 2d 632, 633 (Fla. 2d DCA 1994))).  Additionally, in making the motion,

> the movant admits the truth of all facts in evidence and every reasonable conclusion or inference based thereon favorable to the non-moving party.  Where the plaintiff has presented a prima facie case and different conclusions or inferences can be drawn from the evidence, the trial judge should not grant a motion for involuntary dismissal.

*Kummer*, 195 So. 3d at 1175 (quoting *Day v. Amini*, 550 So. 2d 169, 171 (Fla. 2d DCA 1989)).

A review of the record leads us to conclude that the trial court erred in granting the husband's motion for involuntary dismissal and dismissing the petition.  It is apparent the trial court did not consider the wife's evidence in the light most favorable to her and failed to recognize that, in making the motion, the husband admitted the truth of all the facts presented by the wife at that point in the hearing.  Instead, the trial court improperly weighed the evidence presented by both parties.  Thus, we reverse the grant of involuntary dismissal and remand for further proceedings.

On appeal, the wife requests that we remand the case for the entry of a domestic violence injunction against the husband.  As the husband

---

[2] The quoted language of rule 12.420(b) is virtually the same as the language of Florida Rule of Civil Procedure 1.420(b).  The *Perez* case applied the caselaw interpreting rule 1.420(b), thus we apply the legal principles discussed in *Perez* and other cases interpreting the same language in rule 1.420(b) to the instant appeal.

4

correctly argues, such a remand instruction would not be appropriate.  We remand the case for a new final hearing.  *See Boca Golf View, Ltd. v. Hughes Hall, Inc.*, 843 So. 2d 992, 993 (Fla. 4th DCA 2003).

*Reversed and remanded with instructions.*

GERBER and KUNTZ, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**